EDWARD W. MIFFITT *v.* STATLER HILTON, INC., ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 153674

Memorandum filed February 8, 1968

*Tulin & Skelley,* of Hartford, for the plaintiff.

*Danaher, Lewis & Tamoney,* of Hartford, for the defendants Statler Hilton, Inc., Hilton Hotels Corporation, Hilton Service Corporation, and Hotels Statler Company, Inc.

*Cooney & Scully,* of Hartford, for the defendants Lewis Crafts and Samuel Cameron.

KLAU, J. The plaintiff has filed a motion for disclosure to require the defendants to disclose the amount of their liability insurance policy limits. The motion is made pursuant to Public Act No. 485, adopted in the 1967 session of the General Assembly.[1]

Certain of the defendants oppose the foregoing motion on the ground that Public Act No. 485 is an invasion of the rule-making power of the Superior Court and is unconstitutional.

It is unquestionably true that the Superior Court has inherent power, arising from the common law, aside from legislative authority, to make rules of practice and procedure designed to bring about an early expedition and just determination of issues before it. The history of the rule-making power of the court is amply set forth by Chief Justice Maltbie in *In re Appeal of Dattilo,* 136 Conn. 488, 492. In addition, the rule-making power has been granted both to the Supreme Court and the Superior Court by the General Assembly. The most recent illustration of this grant is to be found in § 51-14 of the General Statutes. It is interesting to note that that act provided that all statutes "relating to pleading,

---

[1] "[Public Acts 1967, No. 485 (General Statutes § 52-200a)] AN ACT CONCERNING DISCLOSURE OF LIABILITY POLICY LIMITS IN NEGLIGENCE ACTIONS. In any civil action founded upon negligence, the defendant's insurance liability policy limits shall be subject to discovery upon written motion of the plaintiff, which motion and disclosure shall be excluded from the file submitted to the jury."

practice and procedure in existence on July 1, 1957, shall be deemed to be rules of court and shall remain in effect." That statute also provides for disapproval by the General Assembly of rules made by the Supreme Court, under procedures stated therein. Both title 51 and title 52 of the General Statutes are replete with enactments by the General Assembly relating to practice and procedure, including discovery and disclosure, in connection with civil actions, and the same is true with respect to criminal actions. The constitution of our state is based upon a division and separation of power among three branches of government, the legislative, executive and judicial departments, but this separation did not establish watertight compartments.

"If it be claimed that the examination by the grand jurors . . . was in the nature of a judicial proceeding, and that the law authorizing such a proceeding by administrative officers is in violation of the provisions of the Constitution dividing the functions of government and vesting the judicial power in the courts, the sufficient answer is, that these great functions of government are not divided in any such way that all acts of the nature of the functions of one department can never be exercised by another department; such a division is impracticable, and if carried out would result in the paralysis of government. Executive, legislative, and judicial powers, of necessity overlap each other, and cover many acts which are in their nature common to more than one department. These great functions of government are committed to the different magistracies in all their fullness, and involve many incidental powers necessary to their execution, even though such incidental powers in their intrinsic character belong more naturally to a different department." *In re Application of Clark*, 65 Conn. 17, 38.

The legislature cannot act both as judge and legislator in a particular matter, and any attempt by the General Assembly to exercise judicial functions is void. Public policy, however, does not forbid, but on the contrary often requires, legislation to facilitate the administration of justice. Public Act No. 485 is designed and was enacted to facilitate the administration of justice, especially in connection with pretrial procedures. Pretrial procedures designed to facilitate the disposition of cases are recognized in the rules of practice adopted by the Superior Court. The disclosure of policy limits frequently aids in the disposition of cases in pretrial proceedings. There has been no unconstitutional interference with the judicial department by the General Assembly in enacting Public Act No. 485 at its 1967 session.

The defendants' objection to motion for disclosure is overruled.