JACQUELINE D. McMAHON ET AL. *v.* EDWARD J. WEBER ET AL.

SUPERIOR COURT       MIDDLESEX COUNTY       FILE No. 15780

Memorandum filed March 25, 1971

*Flood, Mittelman & Hagel,* of Middletown, and *Alcorn, Bakewell & Smith,* of Hartford, for the plaintiffs.

*Day, Berry & Howard,* of Hartford, for the defendants.

*Benjamin S. Birnbaum,* of New Britain, for the named defendant.

PALMER, J. This is a civil action, for damages for injuries alleged to have been caused by the negligence of the defendants, returnable on the first Tuesday of May, 1963. On January 6, 1967, pursuant to agreement of the parties, the court granted a summary judgment, interlocutory in character, on the issue of liability in favor of the plaintiffs.

On January 18, 1971, the plaintiffs filed the instant motion for disclosure regarding insurance policy limits pursuant to § 52-200a of the General Statutes, which became effective on October 1, 1967, and provides in pertinent part that "[i]n any civil action founded upon negligence, the defendant's insurance liability policy limits shall be subject to discovery upon written motion of the plaintiff."

The defendants have filed a written objection to the plaintiffs' motion on the ground that this "suit was instituted on the first Tuesday of May, 1963, well prior to the enactment of Public Act No. 485 [now § 52-200a] passed by the 1967 Legislature."

It is the defendants' first claim that § 52-200a may not be applied retrospectively to a case pending at the time of the adoption of that statute. It is familiar and accepted law that legislation which is general in its terms and affects only matters of procedure "is presumed to have been intended to be applicable to all actions, whether pending or not, in the absence of any expressed intention to the contrary." *Lavieri* v. *Ulysses,* 149 Conn. 396, 401, and cases cited. Our Supreme Court has recently applied this principle to a rule of court. *Barney* v. *Thompson,* 159 Conn. 416, 419.

The court is of the opinion that § 52-200a is clearly and without question a procedural and not a sub-

stantive statute. See *Deveau* v. *Millis Transportation Co.*, 43 F.R.D. 505, 507. It contains no expressed intention that it is not to be applied to pending actions. Accordingly, there is no merit in the defendants' first claim—that the statute may not be applied retrospectively.

The defendants also claim that the statute is unconstitutional because it is a legislative enactment which invades "the rule-making power of the constitutional courts." This same claim was made in *Miffitt* v. *Statler Hilton, Inc.*, 28 Conn. Sup. 32, 35, and this court is in agreement with the conclusion in that case that "[t]here has been no unconstitutional interference with the judicial department" in the enactment of § 52-200a.

It should be further noted, however, that even on the assumption that the statute in question is an intrusion on the rule-making power of the Superior Court, it may nevertheless be effective upon the acquiescence of the Superior Court. "Manifestation of such acquiescence may, *although it need not,* take the form of the adoption of the statutory rule as a rule of court in the exercise of the court's inherent rule-making power [italics supplied]." *Adams* v. *Rubinow,* 157 Conn. 150, 156. While the judges of the Superior Court have not adopted § 52-200a as a rule of court, nevertheless it has been frequently and even routinely accepted and applied by a large number of the judges of the Superior Court, to the extent that it can fairly be said that there has been acquiescence thereto. Most certainly the statute has not been repudiated as a procedural rule by the judges of the Superior Court.

The plaintiffs' motion for disclosure is granted, and the defendants' objection thereto is overruled.