CHARLES J. HOFMILLER ET AL. *v.*
FRED JOSEPH, JR., ET AL.

SUPERIOR COURT    FAIRFIELD COUNTY    FILE No. 85433

Memorandum filed April 30, 1952.

*Margaret C. Driscoll,* of Bridgeport, for the Plaintiffs.

*Coughlin & Coughlin* and *Samuel Engelman,* both of Bridgeport, for the Defendants.

KING, J.    While the Statute of Limitations may ultimately prove an effective defense, the present demurrer cannot be sustained for at least two reasons.

The defendant Joseph has demurred to the complaint as a whole, whereas but one count of the complaint is directed against him or in any way concerns him. Practice Book, Form No. 259 (3d form); General Statutes § 7814.

Matters tolling the Statute of Limitations must be alleged in a reply to a special defense interposing the statute. If the Statute of Limitations is determined on a demurrer to the complaint, the plaintiff is deprived of any opportunity to plead a tolling statute, such, for instance, as General Statutes § 8330. Manifestly this is not only improper but is wholly inadmissible procedure. Practice Book § 102; *Hitchcock* v. *Union & New Haven Trust Co.*, 134 Conn. 246, 248.

It is true that in some cases the bar of a Statute of Limitations has been raised by demurrer. But in such instances it has been anticipated in the complaint and an attempt made to avoid its effect, or the parties have in effect agreed that no circumstances obviating the statute, if applicable, existed. See, for example, *Radezky* v. *Sargent & Co.*, 77 Conn. 110, 114; *Persky* v. *Puglisi*, 101 Conn. 658, 666; *Jakiela* v. *Ellison*, 114 Conn. 731, 732; *Kennedy* v. *Johns-Manville Sales Corporation*, 135 Conn. 176, 177. But for the reasons hereinbefore given it is still the law that the only proper way to raise the issue of the Statute of Limitations where, as here, the complaint is in standard form is by special defense as prescribed by our rule. Practice Book § 102; *Sharkey* v. *Skilton*, 83 Conn. 503, 510; *Cole* v. *Hawley*, 95 Conn. 587, 594. And this is especially true where, as here, the action sounds in tort and seeks damages for personal injuries. *Bulkley* v. *Norwich & W. Ry. Co.*, 81 Conn. 284, 285.

The demurrer is overruled.