PETER BARNEY ET AL. *v.* LOIS THOMPSON ET AL.

ALCORN, HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued April 8—decided May 26, 1970

*Thomas L. Brayton,* for the appellant (defendant Corpaci).

*Thomas H. Cotter,* for the appellees (named defendant et al.).

RYAN, J. This is a negligence action wherein the plaintiffs seek to recover damages for personal injuries incurred in a collision in the town of Hamden. The complaint alleges that the plaintiff Peter Barney was operating a car in a southerly direction on the Wilbur Cross Parkway; that the defendant Ronald A. Ereshena, as the agent of the defendant Lois Thompson, was operating a vehicle owned by her in a northerly direction on the Wilbur Cross Parkway; that the Thompson car went out of control, blocking both northbound lanes of the highway; that the defendant John J. Corpaci, operating a vehicle to the rear of the Thompson vehicle, attempted to avoid it by applying his brakes and by steering sharply to the left; that the car operated by Corpaci struck the car operated by Ereshena, mounted the median divider, and struck the oncoming vehicle being operated in the southbound lane by the plaintiff Peter Barney; and that the collision and injuries and damages to the plaintiffs were caused by the negligence of Ereshena and Corpaci. On July 29, 1969, Corpaci filed what was entitled a "counter claim and cross-complaint" against his co-defendants, Ereshena and Thompson, alleging that Corpaci's own vehicle was damaged in the August 6, 1967, accident by reason of the negligence of Ereshena, and claiming $3500 damages.

On September 22, 1969, the defendants Thompson and Ereshena moved to erase the cross claim

filed by their codefendant Corpaci on two grounds: (1) The Practice Book did not authorize such an action at the time of the filing of the cross claim on July 29, 1969, and the amendment to Practice Book § 78, effective September 2, 1969, was not retroactive in its application and did not authorize the filing of the cross claim. (2) A period of more than two years had elapsed since the date of the accident complained of, and the applicable Statute of Limitations would bar the cross claim, which in effect was a new cause of action. On October 10, 1969, the trial court granted the motion to erase but filed no memorandum of decision, in consequence of which we do not know the ground upon which its judgment was predicated. From the judgment the defendant Corpaci has appealed to this court.

We shall consider first the claim of the defendants Thompson and Ereshena that the amendment to Practice Book § 78[1] did not operate retrospectively and that, therefore, the filing of the cross claim[2] was not authorized. They urge that if such filing were permissible the rule would create an obligation upon them as parties to the action which previously did not exist and that such an obligation is substantive in nature. With this we cannot agree. The rule, as

---

[1] "[Practice Book] Sec. 78 —SUPPLEMENTAL PLEADINGS; COUNTER-CLAIMS Supplemental pleadings showing matters arising since the original pleading may be filed in actions for equitable relief, by either party. In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff and cross claims against any codefendant provided each such counterclaim and cross claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint; and if necessary, additional parties may be summoned in to answer any such counterclaim or cross claim."

[2] "Cross claim" is the term used in this section when the pleading is addressed to a codefendant.

amended, affects only matters of procedure and does not impose upon these defendants an obligation which did not previously exist. Such a rule is presumed to have been intended to be applicable to all actions, whether pending or not, in the absence of any expressed intention to the contrary. The purpose and effect of the rule is to accelerate the accrual of the right to assert a claim against the impleaded parties, and it does not affect their substantive rights. It is procedural in nature and applies to pending actions. *Schurgast* v. *Schumann,* 156 Conn. 471, 487, 242 A.2d 695; *Senior* v. *Hope,* 156 Conn. 92, 97, 239 A.2d 486.

In the second ground of the motion to erase, the defendants Thompson and Ereshena allege that a period of more than two years has elapsed since the date of the accident complained of and that the applicable Statute of Limitations[3] would bar the cross claim. The defense of the Statute of Limitations must be specially pleaded. Practice Book § 120. In certain cases the defense may be raised by demurrer. *Vilcinskas* v. *Sears, Roebuck & Co.,* 144 Conn. 170, 172, 127 A.2d 814. It is not a proper matter for a plea to the jurisdiction. *Jakiela* v. *Ellison,* 114 Conn. 731, 732, 159 A. 657. This applies with equal force to a motion to erase.

---

[3] "Sec. 52-584 [Rev. to 1968]. LIMITATION OF ACTION FOR INJURY TO PERSON OR PROPERTY. No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within one year from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

"Where want of jurisdiction appears on the record, the defect should be raised by a motion to erase from the docket. Thus where the nature of the action or amount in demand shows that the court has no jurisdiction, or where the officer's return shows invalid service, and the like, a motion to erase shall be used." Practice Book § 94. " 'A motion to erase the case from the docket will be granted only when it clearly appears on the face of the record that the court is without jurisdiction. *Pearson* v. *Bridgeport Hydraulic Co.,* 141 Conn. 646, 648, 109 A.2d 260; *Reilly* v. *Antonio Pepe Co.,* 108 Conn. 436, 443, 143 A. 568. A motion to erase admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. *Fairfield Lumber & Supply Co.* v. *Herman,* 139 Conn. 141, 144, 90 A.2d 884.' *Brown* v. *Cato,* 147 Conn. 418, 419, 162 A.2d 175." *Perrys, Inc.* v. *Waterbury Redevelopment Agency,* 157 Conn. 122, 123, 249 A.2d 256. Every presumption which favors the jurisdiction of the court should be indulged. *Fairfield Lumber & Supply Co.* v. *Herman,* supra; *Port Chester Electrical Construction Corporation* v. *Industrial Electrical Supply Co.,* 139 Conn. 16, 17, 89 A.2d 377.

There is nothing in the record to indicate that the trial court lacked jurisdiction to adjudicate the cause of action alleged in the cross claim, and, of course, in such an adjudication the court may determine the effect of the Statute of Limitations when and if the question is properly raised.

The action of the trial court in erasing the cross claim was erroneous.

There is error, the judgment is set aside and the case is remanded with direction to deny the motion to erase the cross claim from the docket.

In this opinion the other judges concurred.