### Linda Brewer *v.* Marion Fathergill

APPELLATE DIVISION OF THE COURT OF COMMON PLEAS

FILE NO. CV 14-731-70881

Argued May 1—decided September 6, 1973

*Dennis Hersh,* of Hartford, for the appellant (plaintiff).

*Jerrold M. Ball,* of Hartford, for the appellee (defendant).

SPONZO, J. In this action, brought in three counts, the plaintiff seeks treble damages in the first count, pursuant to § 52-465 of the General Statutes.[1] In the second and third counts, the plaintiff seeks to recover for damage resulting from certain negligent and illegal acts of the defendant. On February 5, 1973, the defendant filed both a plea in abatement and a motion to erase the entire action, alleging, in effect, that the court had no jurisdiction to entertain

---

[1] "Sec. 52-465. WHEN TREBLE DAMAGES ALLOWABLE. The party aggrieved may recover in a civil action treble damages and his costs against the defendant, if it is found on the trial of such a complaint that he entered into the lands or tenements by force or after entry held the same by force."

the cause of action because it involves forcible entry and detainer and/or peaceable entry and forcible detainer, and that the plaintiff's complaint purports to be brought under chapter 914 of the General Statutes. The motion to erase was denied, and the plea in abatement was sustained only as to the first count.

It is difficult for this court to understand why both pleadings were filed at one time. Section 94 of the Practice Book provides: "Where want of jurisdiction appears on the record, the defect should be raised by a motion to erase from the docket. Thus, where the nature of the action or amount in demand shows that the court has no jurisdiction, . . . a motion to erase shall be used." A motion to erase admits all facts which are well pleaded, invokes the existing record and must be decided on that alone. Every presumption which favors the jurisdiction of the court should be indulged. *Barney* v. *Thompson,* 159 Conn. 416, 420. It would appear that in this case a motion to erase would suffice, inasmuch as the defect, if any, would clearly appear on the face of the record.

Since, however, the plea in abatement was filed and was decided by the trial court, we shall consider the validity of the court's action. Section 52-2a of the General Statutes sets forth the jurisdiction of the Circuit Court as follows: "The circuit court shall have jurisdiction of all civil matters for legal or equitable relief, or both, including actions of summary process and paternity proceedings, but not including those actions which by statute are triable only by the superior court or the court of common pleas or by a judge of one of said courts, wherein the amount, legal interest or property in demand does not exceed in value seven thousand five hundred dollars . . . ." The defendant contends that, because the plaintiff seeks treble damages in the

first count pursuant to § 52-465 of the General Statutes, jurisdiction automatically vests in either the Superior Court or the Court of Common Pleas.

Sections 52-462, 52-463 and 52-464 of the General Statutes make provisions for an action pertaining to forcible entry and detainer, or peaceable entry and forcible detainer, and provide for a writ of restitution. These statutes specifically create a cause of action and vest jurisdiction solely in the Superior Court or the Court of Common Pleas. This action is entirely separate and distinct from the civil action referred to in § 52-465 of the General Statutes.

Regardless of the existence of § 52-465 of the General Statutes, the plaintiff would have a cause of action based on the common law of trespass, conversion, negligence, etc. There would be no need to proceed under §§ 52-462, 52-463, 52-464 unless a writ of restitution and possession of the premises are sought. Section 52-465 does not create a cause of action but merely provides for treble damages and costs, "if it is found on the trial of such a complaint that . . . [the defendant] entered into the lands or tenements by force or after entry held the same by force."

Since the claim for damages in the first count, as well as in the second and third counts, is less than the jurisdictional maximum amounts of the Circuit Court, the Circuit Court does have jurisdiction of this cause of action.

There is error, the judgment is set aside and the case is remanded with direction to overrule the plea in abatement.

In this opinion HAMILL and CIANO, Js., concurred.