[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding concerns itself with a motion to strike eleven counts of a seventeen count complaint.
In the pleadings, the following allegations are made: The plaintiff, Elias Floros d/b/a Louis's Pizza (Floros) and the defendant, Robert V. Matthews d/b/a R.V.M. Associates (Matthews) had entered into a written lease whereby Floros leased space in Matthew's building located at 110 East Main Street, Waterbury, Connecticut for the purpose of operating a pizza restaurant. Floros had been a tenant in the building for many years prior to Matthews purchasing the building in 1987.
Thereafter Matthews commenced to renovate the building, and Matthews retained Connecticut Factors, Inc. (Factors) to perform the renovations to said building. Floros alleges that Matthews represented to Floros that Floros would have to close the pizza restaurant for three days and after that the completion of the renovations would not interfere with the operation of the pizza restaurant.
Based on these representations Floros alleges that it closed the restaurant on August 4, 1987; but due to the prolonged time it took to do the renovations, the restaurant did not reopen until December 7, 1987.
The action was commenced in March, 1988; but the instant proceeding concerns an amended seventeen count complaint filed October 13, 1989. The motion to strike counts two, four, seven, eight, nine, eleven, thirteen, fourteen, fifteen, sixteen and seventeen of said amended complaint was filed by Matthews on October 31, 1989.
At the outset, the motion to strike counts, seven, eight, nine, eleven and thirteen will not be decided in that they apply to Factors; and Factors has not filed a motion to strike. Hafmiller v. Joseph, Jr., 18 Conn. Sup. 143, 144.
The purpose of a motion to strike is to "contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988); Connecticut Practice Book Section 152. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." The court must CT Page 2622 construe the facts in the complaint most favorably to the plaintiff. Gordon v. Bridgeport Housing Authority, supra 170.
Second Count: Misrepresentation/Emotional Distress. In this count, Floros alleges that it suffered emotional stress as a result of Matthew's misrepresentation. Ordinarily, damages for mental distress are not available in a cause of action for a business fraud. Moore v. Slanim, 426 F. Sup. 524, 527 (1977). Floros is a business entity and damages are being asked for based upon a claim of annoyance, frustration and inconvenience. They are claims for mental distress; and a business entity cannot be the subject of mental distress. Accordingly, the motion to strike is granted as to Count Two of the Amended Complaint.
Fourth Count: (CUTPA/Emotional Distress). The fourth count of the amended complaint claims that as a result of Matthew's unfair and deceptive acts, Floros sustained emotional distress. In actions based upon Connecticut Unfair Trade Practices Act (CUTPA), Connecticut General Statutes Section 42-100a et seq., a claim for money damages for emotional distress in a business situation, as presented in the instant situation, is not permitted. Cole v. Metropolitan Property and Liability, 10 C.L.T. 45. Further, there is no allegation that. Matthew's conduct was extreme and outrageous which allegation would be required to sustain a claim for emotional distress under C.U.T.P.A. Accordingly, the motion to strike the fourth count of the amended complaint is granted.
Fourteenth Count: (Negligence-Agency). In this count, Floros alleges that Factor's negligence was the proximate cause of its inability to operate the business causing Floros to lose business and suffer emotional distress. Floros seeks to make Matthews responsible for such losses based upon the claim that Factor was Matthew's agent. "[F]or a plaintiff successfully to prosecute [a cause of action for tortious interference with business relations], it must prove that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation, or that the defendant acted maliciously." Weiss v. Wiederlight, 208 Conn. 525, 536 (1988). A claim of tortious interference with a business expectancy must be based upon intentional conduct and not on negligent conduct. Since there is no cause of action against an alleged agent, accordingly there can be no cause of action against an alleged principle. Therefore the motion to strike the fourteenth count of the amended complaint is granted.
Fifteenth Count: Unlawful Interference with Business Agency as against Robert V. Matthews. The thrust of this count is that Factor was acting as Matthew's agent when it unlawfully CT Page 2623 interferred with Floros' business. "[A]n action for intentional interference with business relations . . . requires the plaintiff to plead and prove at least some improper motive or improper means . . . [A] claim is made out [only] when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself. Weiss v. Weiderlight, supra at 536.
There is no allegation that Factor was guilty of fraud, misrepresentation, intimidation, or molestation; or that Factor acted from an improper motive or by improper means. Since there is no cause of action against the alleged agent, there can be no cause of action against the alleged principal. Accordingly, the motion to strike the fifteenth count of the amended complaint is granted.
Sixteenth Count: Unlawful Interference with Business/Emotional Distress — Agency — as Robert V. Matthews. The thrust of this count is that Factor was acting as Matthews' agent when it unlawfully interferred with Floros' business. In that count, fifteen has been stricken because there was no cause of action, the safe reasoning is adopted and concludes that there is no cause of action for unlawful interference as pleaded in this count. Thus if there is no cause of action against the alleged agent, there is no cause of action against the principal. Accordingly, the motion to strike the sixteenth count of the amended complaint is granted.
Seventeenth Count: Rescission — as against Robert V. Matthews d/b/a RVM Associates. In this count, Floros seeks to rescind the lease agreement based upon the allegation that Floros was fraudulently induced to enter into said lease agreement based upon Matthew's false statements concerning the amount of the rent.
"Rescission of a contract is an appropriate remedy if there has been a material representation of fact upon which a party relied and which caused it to enter the contract." Kavarco v. T.J.E., Inc. 2 Conn. App. 294, 298 (1984). "At the option of the defrauded party, where there has been fraud in the inducement of the contract, the contract is voidable or subjects the defrauding party to a suit for damages." Id. "The party defrauded has the option of electing either to rescind the contract or to claim damages for the breach of the contract." Id. at 299. "To seek rescission is to waive any claim for damages arising from a breach of the contract." Id. "Rescission, simply stated, is the unmaking of a contract." Id. "A condition precedent to rescission is the offer to restore the other party to its former condition as nearly as possible." Id.
The complaint serves as a reasonable notice to Matthews of Floros' desire to rescind the lease agreement. Floros did not CT Page 2624 obtain any property under the agreement. Consequently, neither ground for the motion to strike states a basis for legal insufficiency of count seventeen. Floros has plead sufficient allegations to allege a cause of action for recission. Accordingly, motion to strike count seventeen is denied.
BYRNE, JUDGE