[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIRE
The defendant has filed a motion to strike the complaint under section 152(1) of the Connecticut Practice Book, claiming that this action is barred by the statute of limitations, and that it cannot be maintained under the accidental failure of suit statute, section 52-592 of the General Statutes, since (1) the prior action was dismissed under section 231 of the Practice Book which is not covered by section 52-592, and (2) this is the third action on the same claim, and that statute does not save a third action brought beyond the applicable statute of limitations.
A motion to strike admits facts alleged in the complaint and facts necessarily implied from them, but not legal conclusions. Blancato v. Feldspar Corporation, 203 Conn. 34,36, 37. The complaint contains two counts. The first count alleges fraudulent conduct by the defendant in getting the plaintiff to sign a quitclaim deed to his house on October 20, 1986. The second count, which was not brought in the prior action, claims a defective deed because the two witnesses to it did not sign it in the manner required by section 47-5 of the General Statutes. The complaint states that the original action brought on July 2, 1987 was dismissed by the Superior Court on May 23, 1988, but that the dismissal was not based on the merits of the case, and that the Appellate Court sustained the dismissal.
The defendant has attached numerous exhibits to his motion to dismiss, including two prior complaints in other actions between the parties, the Appellate Court decision in Batory v. Bajor, 22 Conn. App. 4, and other pleadings which are not part of the court file in this case. This approach is not allowed with a motion to strike. The motion replaces the demurrer under formal rules of practice. Cavallo v. Derby Savings Bank, 188 Conn. 281, 283. In some cases other pleadings which are part of the same court file may be consulted for essential facts, but the general rule is that when considering a motion to strike, only the facts alleged in the challenged pleading can be considered. King v. Board of Education, 195 Conn. 90, 93; Cavallo v. Derby Savings Bank, supra, 285, 286. Introducing evidence on a motion to strike is improper, as this is equivalent to a speaking demurrer. See Tilo Co. v. Fishman, 164 Conn. 212, 213; Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181,182-83. While pleadings from another case may be admissible CT Page 4763 evidence at a trial or on a motion for summary judgment, they cannot be considered on a motion to strike.
The statute of limitations governing an action based on fraudulent misrepresentations is section 52-577 of the General Statutes. Rosenblatt v. Berman, 143 Conn. 31, 39; Wedig v. Brinster, 1 Conn. App. 123, 136. The original action was brought within three years of the alleged fraudulent conduct of the defendant, and within the time limits set by section 52-577. The second action, commenced in March 1989 and apparently dismissed based on the prior pending action doctrine, it was also brought within three years of October 20, 1986.
This action was commenced on June 15, 1990, when the defendant was served with the complaint. Lacasse v. Burns, 214 Conn. 464, 475. If the date in the complaint is relied upon, this action was commenced more than three years after the fraudulent act of the defendant. However, section 164 of the Practice Book requires a defense of the statute of limitations to be specially pleaded. This has long been a well established concept in this State. Wells v. Copper,57 Conn. 52, 59 (1889), citing 1 Swift's Digest, 304. See also Barney v. Thompson, 159 Conn. 416, 419. Where a cause of action existed at common law, the time limit for bringing the action contained in a statute of limitations is procedural and not substantive, and therefore subject to waiver. L.G. DeFelice Son, Inc. v. Wethersfield, 167 Conn. 509,513; Bulkley v. Norwich Westerly Railway Co., 81 Conn. 284,286. In such cases, the statute of limitations cannot be raised by a motion to strike, Id. A different rule exists where a statute gives a right of action which did not exist at common law, where the time limit is a limitation or condition attached to the right itself, in which case it can be raised by a motion to strike. Barney v. Thompson, supra, 419; Diamond National Corporation v. Dwelle, 164 Conn. 540,543. Some cases have also recognized the right to file a motion to strike where the plaintiff, in framing the complaint in an action against which the statute of limitations has apparently run, states his whole case and alleges the facts considered sufficient to enable him to maintain his action even though the time limit for its commencement has expired. Radezky v. Sargent Co., 77 Conn. 110,114. The complaint here does not go that far, and allowing the defendant to raise the statute of limitations on a motion to strike prevents the plaintiff from alleging, in a reply to a special defense, matters which toll the effect of the statute of limitations. Hitchcock v. Union New Haven Trust Co., 134 Conn. 246, 248; Hofmiller v. Joseph,18 Conn. Sup. 143, 144. Also, since proof of dates other than those CT Page 4764 alleged in the complaint at the time of trial would be an immaterial variance, so a motion to strike cannot be based on them. Bulkley v. Norwich Westerly Railway Co., supra, 286. Finally, the motion to strike is addressed to the entire complaint, and the defendant has not shown that the second count to cancel the alleged defective deed, is barred by the statute of limitations.
If the dates in the complaint prove to be incorrect, or if the statute is waived by the defendant or tolled for some reason, this action may not be barred by the statute of limitations, and the plaintiff will not have to rely upon the accidental failure of suit statute, section 52-592. See Ross Realty Corporation v. Surkis, 163 Conn. 388, 393.
If this action is barred by section 52-577 or some other statute of limitations, the plaintiff can rely upon section52-592 in a proper case. The defendant claims that the statute cannot apply since this is a third action on the same claim. Even if evidence of dismissal of an intervening second action could be considered, that would not bar this case. Where a third action is brought, assuming it meets a ground in the statute, it is allowed since section 52-292 (a) refers to an action which has failed "one or more times to be tried on its merits." Pintavalle v. Valkanos, 216 Conn. 412, 417
n. 4. The third action must be brought, however, within one year after the original action ended. Id. 416; Martin v. Bristol Associates, 22 Conn. App. 625, 626-27; Marangio v. Shop Rite Supermarkets, Inc., 11 Conn. App. 412, 416. The original action ended in 1990 when the Appellate Court upheld dismissal of the original action and the Supreme Court denied certification. Batory v. Bajor, 22 Conn. App. 4, cert. denied215 Conn. 812 (1990). This action was brought less than one year after the original, first action ended. The complaint in this action alleges facts showing that the original action was commenced within the three year time limit in section 52-577. The outcome of the second action is irrelevant on the statute of limitations issue.
Finally, while the defendant may be able to prove that this case does not come within any of the situations salvaged under section 52-592, and that the original action was dismissed based on section 231 of the Practice Book, these facts are not apparent from the plaintiff's complaint. The complaint only alleges that the dismissal was not based upon the merits of the case. It is not apparent from the complaint itself that the action is barred, and the defendant's evidence cannot be considered on a motion to strike. The allegations in the complaint must be construed in the manner most favorable to the plaintiff. Blancato v. Feldspar CT Page 4765 Corporation, supra, 36; Morris v. Hartford Courant Co.,200 Conn. 676, 678.
The motion to strike is denied.
ROBERT A. FULLER, JUDGE