[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIRE
The original complaint in this action contained four counts, namely negligence, wrongful life assault and battery and breach of contract. The plaintiff amended their complaint on October 12, 1990 to add a fifth count of CT Page 4617 informed consent. The defendant has filed a motion to strike the additional count, claiming that it is barred by the statute of limitations, section 52-584 of the General Statutes. The defendant claims that even if the original action was commenced within two years from the date of when the injuries were first sustained or discovered or should have been discovered, as required by section 52-584, that the amendment to the complaint is barred by the statute, because it contains a new and different cause of action and was filed beyond the two year limitation period in the statute. Amendments relate back to the date of the complaint if they are derived from a single group of facts and do not allege a new cause of action, but amendments which state a new and different cause of action are considered effective only as of the date when they are filed, and that date is considered for purposes of the statute of limitations. Keenan v. Yale New Haven Hospital, 167 Conn. 284, 285.
The defendant claims that the surgical procedures alleged in the complaint occurred on August 7, 1986 and October 8, 1986, and that the informed consent claim is brought more than four years after that claim arose, and is barred by section 52-584 of the General Statutes. A motion to strike admits facts alleged in the complaint and facts necessarily implied from them, but not legal conclusions. Blancato v. Feldspar Corporation, 203 Conn. 34, 36, 37. A defense of the statute of limitations must be specially pleaded. Section 164, Connecticut Practice Book. This has long been a well established concept in this State. Wells v. Copper, 57 Conn. 52, 58, citing 1 Swift's Digest, 304. See also, Barney v. Thompson, 159 Conn. 416, 419. Where a cause of action existed at common law, the time limit for bringing the action contained in a statute of limitations is procedural and not substantive, and therefore subject to waiver. L.G. DeFence Son Inc. v. Wethersfield, 167 Conn. 509,513; Orticelli v. Powers, 197 Conn. 9, 15; Bulkley v. Norwich Westerly Railway Co., 81 Conn. 284, 286. A different rule exists where a statute gives a right of action which did not exist at common law, where the time limit is a limitation or condition attached to the right itself, in which case it can be raised by a motion to strike. Barney v. Thompson, supra, 419; Diamond National Corporation v. Dwelle, 164 Conn. 540, 543. See also Orticelli v. Powers, supra, 15. Since a negligence claim is a common law cause of action, the statute of limitations cannot be raised by a motion to strike. Bulkley v. Norwich Westerly Railway Co., supra, 286. The same concept would apply to the allegations of informed consent, which is not a statutory cause of action. Allowing a defendant to raise the statute of limitations on a motion to strike prevents the plaintiff from CT Page 4618 alleging, in reply to a special defense, matters which toll the effect of the statute. Hitchcock v. Union New Haven Trust Co., 134 Conn. 246, 248; Hofmiller v. Joseph,18 Conn. Sup. 143, 144. The usual way to raise this issue is by a motion for summary judgment. Keenan v. Yale New Haven Hospital, supra, 286.
The motion to strike is denied.
ROBERT A. FULLER, JUDGE