[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant John Crane, Inc., Fibreboard Corporation and ACandS, Inc. have all filed a motion to dismiss the complaint filed against them.
The plaintiff initially filed a three count (complaint) against numerous asbestos manufacturers on October 18, 1988 alleging that he sustained personal injuries as a result of occupational exposure to asbestos and asbestos containing products while employed at the Electric Boat Division of General Dynamics. On March 18, 1991 the plaintiff filed a motion to add additional party defendants including John Crane, Inc., Fibreboard Corporation and ACandS, Inc. This motion was granted on April 1, 1991. The motion to dismiss filed by the defendants does not state specifically which of the five grounds upon which a motion to dismiss may be filed under Connecticut Practice Book section 143. The motions to dismiss however are based on a claim of statute limitations. The motion to dismiss in each instant appears to assert lack of jurisdiction over the individual defendants. As a general rule, the statute of limitations should be specifically pleaded as a defense. Barney v. Thompson, 159 Conn. 416, 419. A number of reported cases that have addressed a similar claim of statute limitations have reached the merits of the he claim based on a motion for summary judgment. Perakos v. Indian Hill Country, No. 85-0241643 (J.D. New Haven) (April 27, 1987) (Flanagan, J.); Gaudet v. Raybestos-Manhattan Corp., 2 CSCR 369 (February 17, 1987) (Jacobson, J.; Lettieri v. The Eagle Leasing Co.,1 CSCR 551 (June 14, 1986) (Mulcahy, J.); Veerilli v. Diamond Reo Sales and Service, Inc., 1 CSCR 226 (April 9, 1986) (Mihalakos, J.); Grossi v. Warehouse Foods, Inc., 11 CLT No. 50, p. 15 (June 15, 1985) (M. hennessey, J.); Ivy Gill v. The Guarantee Service Co., 6 CLT No. 44, pp. 12-13.
This court concludes that the motion to dismiss is not the proper procedure to raise the claims statute of limitations in this case. Accordingly the motion to dismiss is denied.
AXELROD, J.