[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: THIRD PARTY DEFENDANT'S MOTIONS TO STRIKE (#137, #139) THIRD PARTY PLAINTIFFS' REQUEST FOR LEAVE TO AMEND (#144)
On August 30, 1989, the plaintiff, Deborah Summa, filed an original complaint against the defendants, Chester Kason, Gisele Kason, William Lawlor, and Guaranteed Used Cars ("GUC"), in which she alleged that, on August 14, 1988, she was involved in an automobile accident in which she sustained injuries. The plaintiff alleged, inter alia, that the vehicle driven by Chester Kason, in which she was a passenger, was struck by a vehicle driven by William Lawlor as an agent or an employee of GUC. The plaintiff did not name the third party defendant, Nathaniel Freer, as a defendant in this original complaint. However, the plaintiff subsequently, while being, deposed testified that Mr. Freer was the operator of the vehicle in which she was a passenger at the time of the accident. Consequently, on April 17, 1991, the plaintiff filed a motion to cite in Mr. Freer as an additional defendant and, on April 29, 1991, the court, Susco, J., granted the motion. The plaintiff's revised complaint repeated the allegations put forth against Chester and Gisele Kason, William Lawlor CT Page 10794 and GUC. However, in count two the plaintiff alleged that she was injured while a passenger in a vehicle owned by Gisele Kason and "operated by Chester Kason and/or the Defendant Nathaniel Freer," and caused by the negligence thereof.
On March 8, 1991, defendants Lawlor and GUC filed a motion to implead Mr. Freer and, on March 25, 1991, the court, Dranginis, J., granted the motion. On April 26, 1991, the third party plaintiffs filed their complaint against defendant Freer in which they alleged that Mr. Freer, while fifteen years of age, operated the vehicle in which the plaintiff was a passenger, and that the accident was caused by Mr. Freer's negligence and inability to gain control of the vehicle in which he was the operator. Consequently, the third party plaintiffs seek, inter alia, indemnification for any Judgment which may be rendered against them in favor of plaintiff Summa.
On August 27, 1991, defendant Freer filed a motion to strike the second count of the plaintiff's Amended Revised Complaint on the ground that the claim is barred by the statute of limitations pursuant to General Statutes 552-584.
On August 27, 1991, the third party defendant filed a motion to strike the third party complaint because the claim is barred by the statute of limitations pursuant to General Statutes 52-584 and because the third party plaintiff has failed to adequately plead an action in indemnification. Also, on October 9, 1991, the third party plaintiffs filed a request for leave to amend their complaint. On October 24, 1991, defendant Freer filed an objection to the third party plaintiff's request for leave to amend.
The motion to strike is provided for in Practice Book 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). Furthermore, the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
 I
MOTION TO STRIKE COUNT TWO OF PLAINTIFF'S COMPLAINT
In its memorandum in support of the motion to strike, defendant Freer claims that count two of the complaint should be stricken because it is barred by the Statute of Limitations pursuant to General Statutes 52-584. In its memorandum opposing the motion to strike, the plaintiff claims, inter alia, that the motion to strike is not the proper vehicle by which to raise a statute of limitations defense.
Practice Book 164 states, inter alia, that the statute of limitations must be specially pleaded. See also Markiewicz v. Bajor, 3 CTLR 1, 16-17
(December 31, 1990, fuller, J.) However, there are exceptions to this CT Page 10795 standard. Where a statute gives a right of action which did not exist at common law, the time limitation is an element of the right itself, and the statute of limitations can be raised in a motion to strike. Barney v. Thompson, 159 Conn. 416, 419, 270 A.2d 554 (1970), DeMartino v. Siemon,90 Conn. 527, 528, 97 A. 765 (1916). A motion to strike is also appropriate where the plaintiff anticipates the statute of limitations and "endeavors to overcome its effect by appropriate allegations in the complaint." Morrisette v. Archambault, 31 Conn. Sup. 302, 303, 329 A.2d 622 (1974, Santaniello, J.) (citing Radezky v. Sargent Co., 77 Conn. 110, 114,58 A. 709 (1904)). Furthermore, where the parties agree that the complaint contains all of the pertinent facts, the motion to strike is the appropriate manner by which to the statute of limitations. Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 172, 127 A.2d 814 (1956).
Because none of the aforementioned exceptions apply here, the motion to strike is denied, and the statute of limitations may properly be raised as a special defense.
 II MOTION TO STRIKE THIRD PARTY PLAINTIFFS' COMPLAINT REQUEST FOR LEAVE TO AMEND THIRD PARTY COMPLAINT.
The third party defendant also moved to strike the third party complaint. On October 9, 1991, the third party plaintiffs filed a request for leave to amend their complaint, and attached the proposed amended complaint thereto. Defendant Freer, on October 24, 1991, filed an objection to the request for leave to amend.
The request for leave to amend is made pursuant to Practice Book 176, 179 and 157. Section 176 states, in pertinent part, that, ". . . a party may amend his pleadings or other parts of the record or proceedings at anytime subsequent to [the thirtieth day following the return day] . . . in the following manner . . . (c) By filing a request for leave to file such amendment, with the amendment appended. . . ."
The trial court "is vested with broad discretion to allow a party to amend his pleadings at any time before, during or after trial." Asherman v. State, 202 Conn. 429, 438, 521 A.2d 518 (1987) (citing to Practice Book 176). Indeed, "[t]he court may restrain such amendments so far as may be necessary to compel the parties to join issue in a reasonable time for trial." Practice Book 176.
The defendant Freer objects to the request for leave to amend on the bases, inter alia, that the aforementioned motion to strike is pending, that the third party plaintiff's action is barred by the statute of limitations, and that the third party plaintiff is attempting to resuscitate a failed action for indemnification. As was noted, supra, the statute of limitations should be pleaded as a special defense and, therefore, does not relate to the legal sufficiency of the proposed amended complaint. CT Page 10796 Furthermore, were the motion to strike granted on grounds other than the statute of limitations, the plaintiff would be entitled, pursuant to Practice Book 157, to file a substitute pleading in accordance with the motion to strike. Therefore, there is no substantial delay, nor is there prejudice to the defendant by granting the third party plaintiffs' request for leave to file a revised complaint. Consequently, the request for leave to amend is granted, and the motion to strike the third party complaint is denied.
PICKETT, J.