[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On October 30, 1991, the plaintiff, Gilbert Wall, filed a four count complaint against the defendants, Post Publishing Company ("the Post"), Tracey S. Chavis, Dudley Thomas, Publisher, and Phil Hudson, Director of Circulation.
The first count alleges that the Post, through the actions of Thomas and Hudson, violated the Connecticut Unfair Trade Practices CT Page 2735 Act ("CUTPA"), General Statutes 42-110A et seq., by unfairly competing with plaintiff's newspaper delivery service.
The second count alleges assault and battery against defendant Chavis, which allegedly occurred when the plaintiff attempted to deliver newspapers to his own customers.
Counts three and four allege individual CUTPA claims against Thomas and Hudson, respectively, for participating in the alleged unfair competition.
On December 31, 1991, the plaintiff filed a motion for default for failure to plead against all defendants. The motion was granted on the same day by an assistant clerk, pursuant to Practice Book 362A.
On January 6, 1992, the defendants Post, Thomas and Hudson filed a motion to strike the second, third and fourth counts of the plaintiff's complaint. The defendants move to strike the second count on the ground that the cause of action in count two cannot be united in the same complaint with the other causes of action. The defendants move to strike the third and fourth counts on the grounds that: (1) Hudson and Thomas were merely agents/employees of the Post, carrying out their duties to their corporate employers, and thus have no individual liability; and (2) neither Hudson nor Thomas were engaged in trade or commerce themselves; they were acting on behalf of the Post. Therefore, defendants argue, they could not have violated CUTPA as individuals.
The defendants' motion to open the default, filed on January 16, 1992, was granted by the court, Flynn, J., on February 3, 1991. It is now appropriate for the court to consider the motion to strike.
A motion to strike is the proper vehicle to test the legal sufficiency of the allegations of a complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 544 A.2d 1185 (1988). Where a defendant moves to strike any count in a complaint, those pleadings are to be viewed in a light most favorable to the plaintiff. Amodio v. Cunningham, 182 Conn. 80, 438 A.2d 6 (1980).
A defendant may not move to strike a portion of a complaint that is not directed against him. Hofmiller v. Joseph, 18 Conn. Sup. 143,144 (1952); B.C.S. Corp. v. Abott, 9 Conn. Sup. 284, 291
(1941); Bank of Boston Connecticut v. Juris Assoc. Ltd. Partnership, 7 CSCR 47 (January 13, 1992, Hennessey, J.). For that reason count two will not be struck.
As to counts three and four, it has been held that personal liability may attach in a CUTPA claim where it is alleged that the CT Page 2736 individual defendant participates in, controls or directs the acts or practices of a defendant corporation. See Andrus v. Maloney,5 CTLR 321 (January 6, 1992, Maiocco, J.), citing United States v. Bestline Products Corporation, 412 F. Sup. 754 (N.D.California 1976); State v. Leary, 1 CSCR 632 (September 29, 1986, Gaffney, J.).
In the third count of his complaint, plaintiff alleges that Thomas, as Publisher of the Post, "falsely stated to the plaintiff that home delivery was not being offered to his customers at rates lower than his own." (Complaint, Third Count, para. 5). Plaintiff further alleges that Publisher Thomas "rejected the plaintiff's request that he be permitted to market . . . the Post at rates comparable to those being offered to his customers" by Thomas' employer. (Id., para. 6).
In the fourth count, plaintiff alleges that Hudson, as Director of Circulation, "refused to permit the plaintiff to market . . . the Post at rates comparable to those which the employer of defendant Hudson allowed others to use in marketing said newspaper." (Complaint, Fourth Count, para. 5).
General Statutes 42-110b(a) provides:
 No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.
In Daddona v. Liberty Mobile Homes Sales, Inc., 209 Conn. 243,254 A.2d (1988), the court stated:
 In determining whether a practice violates CUTPA, we use the following criteria: "`"(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." Conaway v. Prestia, [191 Conn. 484, 491-93, 464 A.2d 847 (1982)], quoting FTC v. Sperry Hutchinson Co., 405 U.S. 233, 244-45 n. 8, 92 S.Ct. 898, 31 L.Ed.2d 170 (1972). . . .' McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558, 568, 473 A.2d 1185 (1984); see also Sportsmen's Boating Corporation v. Hensley, 192 Conn. 747, 756, 474 A.2d 780
(1984).
CT Page 2737
In reviewing a motion to strike, the court is required to be guided by the legal principles that for the purposes of the motion all facts well pleaded by the plaintiff are deemed admitted, Mingachos v. CBS, Inc., 196 Conn. 91, 108; and in ruling on the motion, those facts must be viewed in the light most favorable to the pleader; Amodio v. Cunningham, 182 Conn. 80, 82.
When viewed in the light most favorable to the plaintiff, the allegations made against defendants Thomas and Hudson could, if proven, rise to the level of CUTPA violations, as being unfair, unethical, and causing substantial injury to a competitor.
The motion to strike the third and fourth counts is denied.
FLYNN, JUDGE