[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: DEFENDANT'S MOTION TO STRIKE #121
This action arises from a July 28, 1989 automobile collision in which the automobile of the plaintiff, Francine Landes, was allegedly hit from behind by an automobile driven by defendant Dennis Turning. On June 17, 1990, Ms. Landes and her husband, Stephen McLaughlin, filed a complaint against, inter alia, Mr. Turning. The plaintiffs alleged, inter alia, that Mr. Turning operated his vehicle in a negligent manner pursuant to General Statutes Section 14-240, 14-240a, and 14-243. The plaintiffs sought punitive damages pursuant to General Statutes Section 14-295.
On January 27, 1992, the plaintiffs filed an amended complaint. In the eighth count of the amended complaint the plaintiffs repeat the aforementioned allegations and further state that Mr. Turning "Operated his car recklessly, in violation of Conn. Gen. Stat. Section 14-240a and/or did not apply his brakes or turn his vehicle so as to avoid the collision." Like the original complaint, this complaint also seeks punitive damages pursuant to General Statutes Section 14-295.
On February 19, 1992, the defendants filed a motion to strike the eighth count of the amended complaint and the plaintiffs' second prayer for relief. The defendants CT Page 3965 attached to their motion a supporting memorandum. On February 28, 1992, the plaintiffs filed a memorandum in opposition to the motion to strike.
The motion to strike is provided for in Practice Book Sections 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded" Ferryman v. Groton 212 Conn. 138, 142561 A.2d 432 (1989). Furthermore, the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988).
In their memorandum in support of their motion to strike, the defendants maintain that the eighth count of the plaintiffs' amended complaint is time barred pursuant to General Statutes Section 52-584, and therefore, that count and the prayer for relief seeking punitive damages pursuant to General Statutes Section 14-295 should be stricken. The plaintiffs, in their memorandum in opposition to the motion to strike, contend that their amended complaint, and the counts contained therein, relate back to the date of the filing of the original complaint and therefore, the eighth count is not time barred. Consequently, the plaintiffs claim that the motion to strike should be denied.
Practice Book Section 164 states, inter alia, that the statute of limitations must be specially pleaded. See also Markiewicz v. Bajor, 3 CTLR 1, 16-17 (December 31, 1990, Fuller, J.) However, where the parties agree that the complaint contains all of the pertinent facts, the motion to strike is the appropriate manner by which to challenge the statute of limitations. Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 172, 127 A.2d 814 (1956); Summa v. Kason, 7 CSCR 53, 54 (December 5, 1991, Pickett, J.)
General Statutes Section 52-584 states, in pertinent part, that
 No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct. . .shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered and except that no such action may be brought CT Page 3966 more than three years from the date of the act or omission complained of . . . .
General Statutes Section 52-584.
It has long been recognized that:
 If [an] amendment essentially corrects or amplifies the claim originally presented it is always treated as relating back to the date the action was commenced. . .[and] no statute of limitations problem is presented. But, if the amendment introduces a substantially new claim, the amendment can be regarded as, in effect a new lawsuit and therefore barred if the statute of limitations governing that claim has expired.
F. James G. Hazard, Civil Procedure Section 5.7 (2d ed.) See also Giglio v. Connecticut Light Power Co., 180 Conn. 230,239, 429 A.2d 486 (1980) (stating that amendments "`relate back to the date of the complaint unless they alleged a new cause of action.'"). (Citations omitted.)
In Sharp v. Mitchell, 209 Conn. 59, 71-72,547 A.2d 846 (1988), the court stated that:
 A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. . . A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. It is proper to amplify or expand which has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented a new and different cause of action is stated. (Citations omitted.)
Id. CT Page 3967
The defendants rely heavily upon Baker v. SNET,4 CSCR 347 (March 31, 1989, Mack, J.) Such reliance is misplaced. In Baker, the plaintiffs timely filed an original complaint in August 1986, against defendants James Currier and his employer, Southern New England Telephone Company ("SNET"). Mr. Currier allegedly operated his SNET van in a negligent, careless, wilful wanton and reckless manner, causing said van to collide with the plaintiffs' automobile on August 10 1984. On April 4, 1988, the plaintiffs sought, and eventually received, permission to file an amended complaint. The amended complaint alleged, on the basis of the aforesaid facts, that SNET "`exhibited wanton and gross negligence, outrageous conduct and reckless indifference in its hiring and retention of, and reckless entrustment of a dangerous instrumentality to, the defendant Currier.'" Baker supra, 347 quoting from the plaintiffs' amended complaint.
The Baker court, in considering whether the "recklessness" counts pertaining to SNET in the amended complaint related back to the original complaint's cause of action determined that a new cause of action was alleged and, therefore, no relation back occurs. Id., 348-49. However, the justification for that decision was that "a finding of negligence on the part of Currier has nothing to do with a finding on the part of SNET of `gross negligence, outrageous conduct and reckless indifference in its hiring of and retention of and reckless entrustment of a dangerous instrumentality to the defendant Currier.'" Id., 349. The Baker court continued, stating that although SNET had been a party to the lawsuit ab initio "it has just now been notified that its hiring of Currier was `gross negligence, outrageous conduct and reckless indifference.'" Id. (Emphasis in original).
In Dubay v. Irish, 207 Conn. 518, 542 A.2d 711
(1988) the court "declined to address the specific question of whether [an amended complaint] alleging wilful, wanton and/or reckless conduct states a new and different cause of action than the original complaint that sounded only in negligence" for purposes of relating back to defeat a statute of limitations claim. Dubay, supra, 531. However, the court stated that while:
 [W]e recognize that a number of our prior decisions have stated generally that `[i]t is well established that causes of action for negligence and "wilful or malicious conduct" are separate and distinct causes of action.' Warner v. Leslie-Elliot CT Page 3968 Constructors, Inc. 194 Conn. 129 138 479 A.2d 231 (1984); see also Dumond v. Denehy, 145 Conn. 88, 91, 139 A.2d 58 (1958); Brock v. Waldron, 127 Conn. 79, 80, 14 A.2d 713 (1943). . . [W]e question the applicability of the proposition here because none of the cases cited involved a relation back claim for purposes of the statute of limitations raised in connection with an amendment to a complaint. In addition the plaintiff here relies upon the identical factual allegations in both the negligence and the wilful, wanton and/or reckless counts of the amended complaint. Further, the issue has been specifically addressed in other jurisdictions that have held an amendment to a complaint setting forth an additional count, one that sounds in wilful, wanton and/or reckless conduct to the existing negligence count did not state a new and distinct cause of action and, therefore, related back to the filing of the original complaint for purposes of the statute of limitations. (Citations omitted.)
Dubay, supra, 531 n. 6.
In the present case the recklessness claim is derived from the same group of facts which give rise to the negligence claim asserted in the original as well as in the amended complaint. Consequently, the amended complaint, does not give rise to a new cause of action, as no "entirely new and different factual situation is presented." See Sharp, supra, 72. Therefore, in accordance with the foregoing the plaintiffs' eighth count sounding in recklessness, and the corresponding request for punitive damages, relate back to the filing of the original complaint. As such, they are legally sufficient, and the motion to strike is denied.
PICKETT, JUDGE