[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This action was filed after a prior case involving the same issues, Estate of Georgia Miller, et al vs. Blue Cross/Blue Shield of Connecticut CV90-0268281 was dismissed on September 30, 1993 (Ford, J.) for lack of subject matter jurisdiction because the Estate of Georgia Miller, the named plaintiff in that action was not a legal entity capable of bringing suit in Connecticut. This action has been brought by Edward L. Miller, the Administrator of the Estate and it contains similar claims to those made in the CT Page 11390 prior action.
The plaintiff relies upon the accidental failure of suit statute, 52-592 of the General Statutes. That statute provides in part that if an action is commenced within the statute of limitations and has been dismissed for lack of jurisdiction, that the plaintiff or the executor or administrator of his estate can commence a new action for the same cause of action within one year after termination of the original case. There is a dispute between the parties as to whether 52-592 covers the situation here. The plaintiff claims that the statute was designed to cover this situation, where the original action is brought by the decedent's estate, and the second action is brought by the proper party, the executor or administrator of the estate. The defendant claims that. where a proper plaintiff did not bring the original action, the statute does not apply. Both parties rely upon Isaac v. Mount Sinai Hospital, 210 Conn. 721.
When deciding a motion to strike the court must take the facts to be those alleged in the complaint. Blancato v. Feldspar Corporation, 203 Conn. 34, 36; King v. Board of Education,195 Conn. 90, 93. All of the facts alleged in the complaint and facts necessarily implied from those allegations are accepted as true. Mingachos v. CBS, Inc., 196 Conn. 91, 108. However, facts not contained in the complaint cannot be considered. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348; Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181 Conn. 182, 183. The motion also does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., supra, 108. If the facts provable under the allegations of a count of the complaint support a cause of action, the motion to strike that count must be denied. Id. 109.
There is a procedural problem on using a motion to strike to decide whether the accidental failure of suit statute applies to this case. Even though the prior case has been order consolidated with this case, the contents of the court file in the prior action is not part of the complaint in this case. In addition, the complaint in this case contains no dates at all, and makes no reference to the prior action or its termination. As a result, evidence must be produced at a hearing in order to decide whether the accidental failure of suit statute applies and whether the statute of limitations bars this action. While it maybe possible to decide these issues on a motion for summary judgment, they cannot be decided on a motion to strike. CT Page 11391
In addition to the defendant's general challenge to the entire complaint, it has also filed a motion to strike the second, third and fourth counts of the complaint which allege respectively, negligence, violations of the Connecticut Unfair Insurance Practices Act (CUIPA) and the Connecticut Unfair Trade Practices Act (CUTPA). As to the second count, the defendant claims that even if the accidental failure of suit statute allows this action, the prior action did not contain a negligence claim, so the second count does not relate back to when the prior action was brought and is barred by the statute of limitations. The general rule is that an amendment to a complaint which sets up a new and different cause of action is effective as of the date when the amendment is filed, and to relate back to the institution of the action the amendment must arise from the same group of facts. Keenan v. Yale New Haven Hospital, 167 Conn. 284, 285; Sharp v. Mitchell, 209 Conn. 59, 71-72. This concept applies to the situation here, where a second action is attempted under the accidental failure of suit statute,52-592; which saves causes of action that were contained in the original complaint, but not new causes of action. Gallo v. G. Fox Co., 148 Conn. 327, 330, 332. Since the complaint contains no dates or references to the prior action and matters outside of the complaint itself cannot be considered, whether or not the negligence claim was asserted in the prior action cannot be decided on a motion to strike. Moreover, the defense of the statute of limitations must be specially pleaded in a negligence action, Barney v. Thompson, 159 Conn. 416, 419, and cannot be raised by a motion to strike. Berkley v. Norwich Westerly Railway Co.,81 Conn. 284, 286-87. The statute of limitations is more properly raised on a motion for summary judgment. Barnes v. Schlein,192 Conn. 732, 738.
The third count based on CUIPA alleges that the defendant is in the business of providing insurance and "is engaged in a trade or practice of refusing coverage for skilled nursing care" (Third count, paragraphs 15, 16). The complaint also alleges unfair claim settlement practices as defined in 38-61(6), now 38a-816(6) of the General Statutes. Section 38-60 (now 38a-815 C.G.S.) provides in part that no person shall engage in this state in any trade or practice defined in 38a-816 as an unfair or deceptive act or practice in the business of insurance. Neither the Supreme Court or the Appellate Court has squarely decided whether or not there is private cause of action under 38a-815 for unfair settlement practices. Both courts have held, however, that isolated instances of unfair insurance settlement practices are not sufficient for a CT Page 11392 violation of either CUIPA or CUTPA. Mead v. Burns, 199 Conn. 651,659, 666; Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660,671, 672. There is a split of authority in the Superior Court decisions as to whether there is a private cause of action under38a-815. While not discussing the question whether any private cause of action exists under CUIPA, the import of Mead v. Burns, supra, is that a private cause of action may exist in some cases. This issue is more appropriately decided at a latter stage in the proceedings when there will be a factual record on the alleged unfair insurance practices. Since the complaint alleges a trade or practice of refusing coverage, which amounts to a claim of more than one unfair insurance practice, the court can not conclude at this time that the plaintiff has failed to state a cause of action.
The fourth count of the complaint incorporates paragraph 16, which implies more than one illegal act as part of a general business practice. The defendant recognizes that Mead v. Burns, supra, 663, holds that unfair insurance practices may be subject to CUTPA, at least where there is more than one instance of an unfair insurance settlement practice. Id., 666. In addition, in some cases a plaintiff may have a cause of action based upon CUTPA even when there is no violation of CUIPA. Id., 665. In order to have a CUTPA claim for a violation of 38a-816(6), the complaint must allege that the defendant has committed the alleged wrongful acts with such frequency as to indicate a general business practice. Quimby v. Kimberly Clark Corporation, supra, 672. In addition to paragraph 16, paragraph 23 states that the defendant is engaged in trade or commerce and paragraphs 17, 24 and 25 refer to acts denying coverage. Plaintiff may be unable to prove on either a motion for summary judgment or at trial that there was more than one actionable unfair practice but the fourth count as pleaded is sufficient to withstand a motion to strike.
The motion to strike is denied.
ROBERT A. FULLER, JUDGE CT Page 11393