[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is defendant's Objection to Request for Leave to Amend Complaint; this objection should be overruled.
The plaintiff, Patricia Behrle, filed a single count complaint, dated January 22, 1992, against the defendant, Balance Rock Condominium Association, Inc. This suit arises from an alleged slip and fall within the common areas of the defendant's condominium community. The complaint alleges that on February 6, 1990, the plaintiff slipped and fell on an icy and slippery section of the sidewalk within the common area of the community, as a result of an accumulation of ice and snow.
The plaintiff claims that the defendant was negligent in the following ways:
 "a. In that the defendant permitted the area in which the plaintiff was walking to become unsafe and dangerous due to the unreasonable accumulation of ice and snow;
 b. In that the defendant failed to sand or salt the area where the plaintiff slipped and fell;
 c. In that the defendant failed to restrict the use of the area or otherwise post warning signs of the unsafe and dangerous condition then and there existing making it impossible for the plaintiff to ascertain the nature and CT Page 8775 location of the dangerous condition;
 d. In that the defendant failed to take reasonable steps to correct the unsafe and dangerous condition caused by the unreasonable accumulation of ice and snow."
(Complaint, ¶ 5.)
The defendant filed an answer and special defense, dated June 1, 1994. The special defense alleges that any injuries or losses allegedly incurred by the plaintiff were the result of her own negligence (a) in failing to watch where she was walking and proceeding when it was not reasonably safe and (b) in failing to be watchful of her surroundings and to exercise that degree of care necessary for her own safety under all of the existing circumstances.
Pursuant to Practice Book § 176, the plaintiff filed a request for leave to amend the complaint, dated June 10, 1994, with the amended complaint attached thereto. The amended complaint seeks to add, as an additional ground for the defendant's negligence, the allegation that "the Defendant failed to provide adequate lighting or otherwise illuminate the area where the Plaintiff walking [sic]." (Complaint, ¶ 5(e).) The defendant filed an objection to plaintiff's request for leave to amend the complaint, dated June 21, 1994, with a supporting memorandum of law. The plaintiff filed a memorandum in support of the request, dated July 11, 1994.
The defendant objects to the plaintiff's request for leave to amend on the ground that the proposed amendment does not relate back to the original complaint and thus is barred by the applicable statute of limitations, General Statutes §52-584.[1] The defendant argues that all of the negligence allegations in the original complaint relate only to the accumulation of snow and ice, while the amendment arises out of a different set of facts and seeks to introduce a whole new cause of action based on inadequate lighting.
Defendant's objection is overruled. The issue of statute of limitations must be raised by special defense, pursuant to Practice Book § 164. When a cause of action existed at common law, the time limitation for bringing this action as provided by a statute of limitations is procedural and not substantive and therefore it may be waived. L.G. De Felice CT Page 8776Son, Inc. v. Town of Wethersfield, 167 Conn. 509, 513; Summa v.Kasen, 7 CSCR 53. Therefore, in order to raise the issue of the statute of limitations it must be specially pleaded.
Ronald J. Fracasse, Judge