[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This action contains five counts. The first count is based on negligence, the second and third counts allege a nuisance, the fourth count is for negligence per se under § 47a-7 and the CT Page 3217 fifth count is brought pursuant to CUTPA. The defendants note that the complaint alleges that the plaintiff was injured January 5, 1992 and the initial complaint is dated June 20, 1994.
The defendants note the latter facts appear in the complaint so that the statute of limitations defense can be raised by a motion to strike. Here the defendants argue counts one through four are therefore time barred by § 52-584 of the general statutes.
The defendants concede that P.B. § 164 says the statute must be specially pleaded but note that there are exceptions to this rule. Clearly two of the exceptions do not apply and the defendants admit as much. This is not a case where the plaintiff is making a claim which did not exist at common law. In such a case the limitation as to time is part of the right itself so that the statute of limitations can be raised by a motion to strike. Barney v. Thompson, 159 Conn. 416, 419 (1970).
Also, as is not the case here, a motion to strike is appropriate where the plaintiff explicitly anticipates such a defense and endeavored to overcome its effect by allegations in the complaint. Morisette v. Archambault, 31 Conn. Sup. 302, 303
(1974), Radezky v. Sargeant Co., 77 Conn. 110, 114 (1904).
The defendants rely on the third exception relied upon in the cases. In Vilunskas [Vilcinskas] v. Sears Roebuck Co.,144 Conn. 170, 171 the court noted: "The parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the statute of limitations and that therefore, it is proper to raise the question by demurrer instead of by answer." The court cites Radezky v. Sears, Roebuck Co., supra, and a case Radezky itself relied on, O'Connor v.Waterbury, 69 Conn. 206, 210 (1897). The defendant believes it can take advantage of Vilunskas [Vilcinskas] by the assertion at page 4 of its brief that here "the complaint contains all of the pertinent facts relative to the date of the alleged act or omission as well as the pertinent date that the complaint was filed with the court."
But this is merely a conclusory argument and Vilanskas[Vilcinskas] seems to be just a practical recognition that the court can entertain a motion to strike when the plaintiff anticipates a statute of limitation defense. In that situation, the parties in effect agree that the matter can be raised on the CT Page 3218 pleadings. Vilanskas [Vilcinskas] itself cites Radezky andO'Connor as authority which were both cases where the plaintiff in the complaint anticipated the statute of limitations defense.
As O'Connor v. Waterbury indicates, under our rules matters in avoidance of the statute of limitations need not be pleaded in the complaint but only in response to such a defense properly raised.
From the nature of the claims here and the plaintiff's response to the motion to strike "matters in avoidance" as used in O'Connor v. Waterbury will probably not be plead here; the objection to the motion to strike merely argues as to the second, third and fourth count that the allegations of the complaint present causes of action not governed by a two year statute of limitations. But I cannot bend the rules of practice to accommodate by means of a motion to strike a defense that at this point should more properly be handled in a motion for summary judgment when the pleadings are closed as to the statute of limitations claim.
The Motion to Strike is denied.
Corradino, J.