ALBERT BAKER *vs.* WALLACE W. LEE.

The plaintiff and defendant settled a controversy as to the ownership of certain wood by the plaintiff agreeing to let the defendant have the wood and the defendant agreeing to pay a certain sum to the plaintiff. Held that the plaintiff's claim for the money did not fall within the 7th section of the statute of limitations, which provides that no action shall be brought on any express contract not reduced to writing but within three years, but within the 4th section, which provides that debt on simple contract may be brought within six years.

The 7th section was intended to apply to executory contracts, where the action is brought to recover unliquidated damages for a non-performance.

The Practice Act has made no change in the application of the statute of limitations.

[Argued May 9th—decided June 13th, 1884.]

ACTION to recover money agreed to be paid; brought, by appeal from a justice of the peace, to the Court of Common Pleas of Litchfield County. Defense that the cause of action did not accrue within three years before the suit was brought. Demurrer to the defense. Defense held sufficient (*Warner, J.,*) and judgment rendered for the defendant. The plaintiff appealed. The case is fully stated in the opinion.

*W. H. Ely,* for the plaintiff.

*A. H. Fenn,* for the defendant.

CARPENTER, J. The plaintiff commenced cutting wood and timber under a claim of right on land which the defendant claimed to own. The defendant caused an injunction to be served on the plaintiff, restraining him from removing the wood and timber. Pending the injunction suit, and while the plaintiff was making a defense, the parties settled —the plaintiff agreeing to make no further defense and to abandon his claim to the wood and timber, in consideration

of which the defendant agreed to pay him the sum of $65. The plaintiff performed his agreement but the defendant refused to pay as he had agreed. The defense to a complaint setting up these facts was the statute of limitations —that the action was not commenced within three years. To that defense the plaintiff demurred. The court below overruled the demurrer and rendered judgment for the defendant. The plaintiff appealed.

The court decided that the case was within the seventh section of the statute of limitations, (Gen. Statutes, p. 494,) which is as follows:—" No action founded upon any express contract or agreement not reduced to writing * * * shall be brought but within three years, &c." The plaintiff contends that this section does not apply, but that the case is within the fourth section, which provides that debt on simple contract may be brought within six years. Is this an action on a contract within the meaning of the seventh section, or is it an action of debt on a contract under the fourth section?

An action of debt on simple contract, prior to the passage of the Practice Act, would lie in all cases where a contract had been performed by the plaintiff and nothing remained to be done but the payment of money by the defendant. So also in such cases an action of assumpsit would lie. The Practice Act has made no change in the application of the statute of limitations. Under that act the action is for a money demand founded upon an executed simple contract. The facts bring the case literally within the definition of debt on simple contract or general assumpsit. The plaintiff fully performed his contract and rendered to the defendant the entire consideration for his promise; and nothing remains to be done but for the defendant to pay the money as he agreed.

An action on a contract within the seventh section we understand to mean an action on an executory contract; as where one party is ready and willing to perform and the other party refuses to perform. In such cases an action is brought, not to recover a sum certain, fixed and made cer-

tain by the terms of the contract, but uncertain or unliqui-
dated damages for a non-performance.

The judgment is reversed and a new trial granted.

In this opinion the other judges concurred.