PAUL M. PALTEN, ADMR.
*vs.*
NORA M. SULLIVAN

Superior Court          Hartford County          File No. 61709

MEMORANDUM FILED MAY 28, 1940.

*Edwin M. Ryan*, of Hartford, for the Plaintiff.

*James D. Cosgrove*, of Hartford, for the Defendant.

O'SULLIVAN, J.· In 1929, Mary Sullivan loaned $1,500 to her sister, the defendant. She made a further loan of $500 in 1930 and another of $1,000 in 1931. The first was evidenced by a writing signed by the defendant; the second, by a writing in the defendant's hand but without signature; and the last was evidenced by no writing.

The interest on these loans was met until June 30, 1934. Since then, nothing has been paid on principal or interest. On November 20, 1939, the administrator on the lender's estate brought this action to recover the amount of the loans and interest.

One of the defenses is that the loans of 1930 and 1931 are outlawed by section 6010 of the General Statutes, Revision of 1930, which provides that: "Except actions for a debt due by book or actions founded on proper subjects of book debt, no action founded upon any express contract or agreement not reduced to writing, or of which some note or memorandum shall not be made in writing and signed by the party to be charged· therewith or his agent, shall be brought but within three years next after the right of action shall accrue."

The case of *Baker vs. Lee*, 52 Conn. 145, disposes of this defense by holding that the above-quoted statute applies to executory contracts, where the action has been brought to

recover unliquidated damages for nonperformance. In proceedings for the recovery of a loan, section 6005 of the General Statutes governs and that section places a six-year limitation on the right to institute suit on a simple contract, of which a loan is an illustration.

It appears that on July 31, 1934, Mary came to live with the defendant, who claims that an agreement was then made to the effect that Mary would cancel the indebtedness on the loans if her sister would take care of her during her remaining days. That an agreement was made has been established, but its terms were not as claimed by the defendant. The agreement was that Mary should pay five dollars a week for her board and room. This amount was to be set off against interest payments and, for any excess over them, it was to be applied in reduction of the principal. This arrangement was continued until August 1, 1936 when the weekly rate was increased to seven dollars.

The plaintiff is entitled to recover from the defendant $2,191.70, which is determined by applying the excess of weekly charges over interest obligations to the principal sum of $3,000 until the date of Mary's death. To this must be added interest on the balance to the present time. I believe I have figured this accurately but should this not prove to be the fact, counsel may call my attention to any errors therein.

Judgment may enter for the plaintiff to recover $2,191.70.