RAYMOND S. HITCHCOCK *v.* THE UNION AND NEW
HAVEN TRUST COMPANY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 8—decided December 17, 1947

*James F. Rosen,* with whom was *Paul Kerins,* for the appellant (plaintiff).

*Frank E. Callahan,* with whom was *John E. Ecklund, Jr.,* for the appellees (defendants).

*Charles M. Lyman* filed a brief as amicus curiae.

MALTBIE, C. J. This action comes before us by an appeal from a judgment rendered for the defendants upon the plaintiff's failure to plead over after a demurrer to the complaint was sustained. The writ is dated January 8, 1947. The complaint alleged that the plaintiff was employed by the defendants from October 1, 1939, to about June 1, 1942, under an oral agreement that he be paid $25 a week, and that he in fact worked eighty-four hours each week; and he claims to recover additional compensation for the time he worked over forty hours a week, under the provisions of the Fair Labor Standards Act of 1938. 52 Stat. 1060, §§ 7, 16, 29 U. S. C. §§ 207, 216. The demurrer was based on the claim that the

plaintiff's cause of action is barred by the Statute of Limitations. Proof of dates other than those alleged in a complaint ordinarily constitutes an immaterial variance, and a demurrer may not be based on them; *Bulkley* v. *Norwich & W. Ry. Co.*, 81 Conn. 284, 286, 70 A. 1021; and a demurrer might deprive the plaintiff of an opportunity to plead matters in avoidance of the statute; *O'Connor* v. *Waterbury*, 69 Conn. 206, 210, 37 A. 499; but, when a demurrer raising the issue of the Statute of Limitations is filed and the plaintiff joins in that issue, it can properly be considered by the court. See *Hall* v. *Hall*, 91 Conn. 514, 518, 100 A. 441; Conn. App. Proc. § 22.

The Fair Labor Standards Act gives jurisdiction to state courts of competent jurisdiction to entertain actions to recover overtime compensation. § 216. It contains no limitation as to the time within which such actions must be brought, and when this action was instituted no other act of Congress provided any such limitation. It is not disputed before us that any applicable Statute of Limitations of this state will be controlling in this action. *Campbell* v. *Haverhill*, 155 U. S. 610, 613, 15 S. Ct. 217, 39 L. Ed. 280; *Rawlings* v. *Ray*, 312 U. S. 96, 97, 61 S. Ct. 473, 85 L. Ed. 605. The statute upon which the defendant relied and which was the basis of the trial court's decision is § 6010 of General Statutes. This provides that, with certain exceptions not now relevant, "no action founded upon any express contract or agreement" which is not reduced to writing or of which some written note or memorandum in writing has not been made shall be brought but within three years next after the right of action accrued. The plaintiff, while disputing that any limitation of actions on contracts applies, suggests that if the action is one on contract it falls within § 6005, which pro-

vides that "No action for an account, or for a debt due by book to balance book accounts, or on any simple or implied contract, or upon any contract in writing not under seal, except promissory notes not negotiable, shall be brought but within six years next after the right of action shall accrue." As both of these sections apply only to actions on contract, we must first consider the question whether the cause of action stated in the complaint is one on a contract within the meaning of one or the other of these statutes or is one purely on a statute as to which there is no applicable Statute of Limitations.

The relevant portions of the Fair Labor Standards Act are § 207, which provides that no employer shall employ any of his employees for a work week longer than forty hours "unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed," and § 216, which provides that any employer who violates the requirements of § 207 "shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."

The parties have cited no decision of the Supreme Court of the United States dealing with the question before us, and we have found none. That court has, however, in several decisions considered an analogous situation arising out of the statutory liability imposed upon stockholders in certain corporations to pay assessments in case of their insolvency. In *Carrol* v. *Green,* 92 U. S. 509, 23 L. Ed. 738, in a suit by creditors to recover under a South Carolina statute making stockholders individually liable for debts of the corporation to an extent not exceeding double

the value of their respective shares, the court held that the action fell within a Statute of Limitations of that state applicable either to actions on the case, as for assumpsit, or to those for debt grounded upon a contract without specialty, stating (p. 514) : "The contract here was of the class last designated. The statute was only inducement. The implied promise of the stockholders to fulfil its requirements was the agreement on their part, and it was without specialty." In *Flash* v. *Conn,* 109 U. S. 371, 3 S. Ct. 263, 27 L. Ed. 966, the question was whether the obligation of stockholders to creditors under a similar statute of New York created a liability in contract enforceable in a foreign state or was one for a penalty, and the court held it was the former; and in the opinion it quoted with approval (p. 377) *Wiles* v. *Suydam,* 64 N. Y. 173, in which it was stated that an action by a creditor to recover under the statute was in contract and the Statute of Limitations as to contracts applied. See *Corning* v. *McCullough,* 1 N. Y. 47, 52. In *Richmond* v. *Irons,* 121 U. S. 27, 7 S. Ct. 788, 30 L. Ed. 864, the question arose under the federal act imposing an additional obligation upon stockholders in a national bank, and one of the issues was whether the liability survived the death of a stockholder, and the court, in holding that it did, said (p. 55) : "Under that act the individual liability of the stockholders is an essential element in the contract by which the stockholders became members of the corporation." In *Concord First National Bank* v. *Hawkins,* 174 U. S. 364, 19 S. Ct. 739, 43 L. Ed. 1007, the nature of the liability of a stockholder in a national bank for an additional assessment was only incidentally involved, but the court said (p. 372) : "Undoubtedly, the obligation is declared by the statute to attach to the ownership of the stock, and in

that sense may be said to be statutory. But as the ownership of the stock, in most cases, arises from the voluntary act of the stockholder, he must be regarded as having agreed or contracted to be subject to the obligation."

In *Matteson* v. *Dent,* 176 U. S. 521, 20 S. Ct. 419, 44 L. Ed. 571, the court, again speaking of the survivability of the liability of a stockholder of a national bank for an additional assessment, said (p. 525): "The obligation of a subscriber to stock, to contribute to the amount of his subscription for the purpose of the payment of debts, is contractual, and arises from the subscription to the stock." See *Whitman* v. *Oxford National Bank,* 176 U. S. 559, 563, 20 S. Ct. 477, 44 L. Ed. 587. In *McDonald* v. *Thompson,* 184 U. S. 71, 22 S. Ct. 297, 46 L. Ed. 437, the court held that an action by a receiver of a national bank to recover an assessment against the stockholders was not within a Statute of Limitations of the state of Nebraska applicable to contracts in writing; the court said (p. 74): "Whether the promise raised by the statute was an implied contract not in writing or a liability created by statute, it is immaterial to inquire. For the purposes of this case it may have been both. The statute was the origin of both . . . the right and the remedy, but the contract was the origin of the personal responsibility of the defendant." In *McClaine* v. *Rankin,* 197 U. S. 154, 25 S. Ct. 410, 49 L. Ed. 702, the court had before it the question of the Statute of Limitations applicable to an action by a receiver of a national bank to recover an additional assessment made by the comptroller of the currency; the issue was which Statute of Limitations applied, one limiting to six years actions on a contract not in writing or upon a statute for a penalty or forfeiture, or one limiting actions

as to which no special provision was made to two years. The majority opinion of the court stated (p. 162) that cases such as *Carrol* v. *Green,* 92 U. S. 509, 23. L. Ed. 738, and *Metropolitan Railroad Co.* v. *District of Columbia,* 132 U. S. 1, 10 S. Ct. 19, 33 L. Ed. 231, were not controlling because in them the right to recover was direct and immediate, not secondary and contingent as in the case before it, and held that, as the liability of a stockholder to the receiver was contingent upon an assessment made by the comptroller, the applicable statute was one governing actions "to enforce the statutory liability and not an action for breach of contract," and that the statute governing actions for which no special provision was made controlled. Three of the judges, dissenting, were of the opinion (p. 168) that the fact that the liability of the stockholder in the case before the court was secondary and contingent, not direct and immediate, was insufficient to distinguish the situation from earlier cases in which the liability of the stockholder had been held to be contractual and that the limitations as to actions in contract applied.

In *Christopher* v. *Norvell,* 201 U. S. 216, 26 S. Ct. 502, 50 L. Ed. 732, in holding that a married woman residing in a state where she was incapable of entering into contracts in her own right was liable as a stockholder in a national bank to an assessment, the court said (p. 228): "But that implied obligation, although contractual in its nature, could not, standing alone, be made the basis of this action. Without the statute she could not be made liable individually for the debts of the bank at all. No implied obligation to contribute to the payment of such debts could arise from the single fact that she became and was a shareholder. Her liability for the debts of the bank is created by the statute, although

in a limited sense there is an element of contract in her having become a shareholder; and the right of the receiver to maintain this action depends upon, and has its sanction in, the statute creating liability against each shareholder, in whatever way he may have become such." In *Bernheimer* v. *Converse,* 206 U. S. 516, 27 S. Ct. 755, 51 L. Ed. 1163, the Supreme Court, in speaking of a Minnesota statute imposing liability upon the stockholders of an insolvent corporation, said (p. 529) that each stockholder incurred an obligation "contractual in its nature . . . although the obligation is not entirely contractual and springs primarily from the law creating the obligation." Finally, in *Brown* v. *O'Keefe,* 300 U. S. 598, 57 S. Ct. 543, 81 L. Ed. 827, the court, in holding that the liability of a stockholder in an insolvent national bank to an assessment is a debt provable in bankruptcy, summed up most of the decisions we have cited and others more recent, as follows (p. 606): "True indeed it is that the liability is created by a statute, and not solely by agreement . . . . Even so, the liability, created though it is by statute, is quasi-contractual in its origin and basis. . . . It is an incident affixed by law to the contract of membership between shareholder and bank."

These decisions of the United States Supreme Court may be summarized in this way: The imposition of an additional statutory liability upon stockholders in a corporation has two aspects: On the one hand, the liability has been regarded as annexed to the contract inherent in the ownership of stock and therefore contractual in its nature; on the other, the liability has been considered as one created by the statute. Which aspect will be held controlling depends upon the question before the court. While it held that where the liability was asserted by a

receiver of a corporation and was contingent upon an assessment made by the comptroller it was not within a Statute of Limitations as to contractual obligations, all the cases hold that where, as in this case, the liability is unconditional and direct such a statute applies.

Turning to decisions upon the issue directly before us, we find that in *Lorber* v. *Rosow,* 58 F. Sup. 341, 343, the United States District Court for the district of Connecticut has held that such an action as this falls within § 6010. The decisions of other courts have reached varying results, but for the most part they can be harmonized. The following cases directly support a conclusion that a Statute of Limitations as to actions on contracts is applicable: *Roland Electrical Co.* v. *Black,* 163 F. 2d 417, 423; *Mid-Continent Petroleum Corporation* v. *Keen,* 157 F. 2d 310, 316; *Barrett* v. *National Malleable & Steel Castings Co.,* 68 F. Sup. 410, 417; *Harris* v. *Crossett Lumber Co.,* 62 F. Sup. 856, 859 (see Ark. Dig. Stat. § 8928); *Cunningham* v. *Weyerhaeuser Timber Co.,* 52 F. Sup. 654, 656; *Reliance Storage & Inspection Co.* v. *Hubbard,* 50 F. Sup. 1012, 1014; and see *Reid* v. *Solar Corporation,* 69 F. Sup. 626, 631. In *Klotz* v. *Ippolito,* 40 F. Sup. 422, 426; *Owin* v. *Liquid Carbonic Corporation,* 42 F. Sup. 774, 776; *Duncan* v. *Montgomery Ward & Co.,* 42 F. Sup. 879, 883; and *Corbett* v. *Schlumberger Well Surveying Corporation,* 43 F. Sup. 605, 606, a statute of Texas limiting the time for beginning an action for a debt not evidenced by a writing was held applicable; and in *Loggins* v. *Steel Construction Co.,* 129 F. 2d 118, 120, a statute of Louisiana limiting the time in which an action for wages might be brought was regarded as controlling. In a number of decisions, where there were two statutes, one of which limited the time with-

in which an action might be brought upon a contract not in writing and the other of which limited the time within which an action for a liability created by statute might be instituted, the latter provision has been held to be controlling. *Culver* v. *Bell & Loffland, Inc.,* 146 F. 2d 29 (see Cal. Code Civ. Proc. [Deering, 1941] §§ 338, 339) ; *Lorenzetti* v. *American Trust Co.,* 45 F. Sup. 128, 140; *Abram* v. *San Joaquin Cotton Oil Co.,* 46 F. Sup. 969, 975; *Fullerton* v. *Lamm,* 177 Or. 655, 661, 163 P. 2d 941, 165 P. 2d 63; *Walsh* v. *515 Madison Ave. Corporation,* 181 Misc. 219, 221, 42 N. Y. S. 2d 262, aff'd, 267 App. Div. 756, 45 N. Y. S. 2d. 927, 293 N. Y. 826, 59 N. E. 2d 183 (see N. Y. Civ. Prac. Act § 48); and, following the decision last cited, *Asselta* v. *149 Madison Ave. Corporation,* 65 F. Sup. 385, 388. With reference to these decisions, the twofold aspect of the right to recover, already pointed out, should be noted, one for a contractual obligation and one for a liability created by statute; if we had in this state, in addition to a limitation of actions upon contracts (§§ 6010, 6005), a statute which limited actions upon obligations created by statute, we would have to construe the provisions together and might hold, as have the decisions last referred to, that the latter was controlling; but we have no such statute.

In *Cannon* v. *Miller,* 22 Wash. 2d 227, 240, 155 P. 2d 500, 157 A. L. R. 530, the court held that a statute limiting actions upon a contract or liability, express or implied, which is not in writing and does not arise out of any written instrument was inapplicable and that the case fell within a general limitation governing actions as to which no special provision is made; this was upon the basis of a previous decision of that court, *Bicknell* v. *Garrett,* 1 Wash. 2d 564, 96 P. 2d 592, where it was held that the liability of stock-

holders of a bank to assessment was not within a statute limiting actions upon contracts in writing or to recover a liability express or implied arising out of a written agreement, and where the court was of the opinion (p. 571) that the statute did not contemplate quasi contracts or liabilities merely contractual in nature but only liabilities expressly stated or which follow by natural and reasonable implication from the promissory language of an agreement, as distinguished from liabilities created by fictional processes of the law or imported into the agreement from some external source; and in the *Cannon* case the court reached the rather strange result that this language was just as applicable to the actions upon contracts or liabilities not in writing as to those based on written contracts. One other case has reached a like conclusion; *Lassiter* v. *Guy F. Atkinson Co.*, 162 F. 2d 774, 776; but that was also decided under the Washington statute.

There can be no question that in this case the foundation of the plaintiff's right was his contract of employment with the defendant; the plaintiff in effect concedes that by the allegation in the complaint that he was employed by the defendants at an agreed wage; and without such an allegation or something of that nature he would have no basis upon which to recover. The provisions of the Fair Labor Standards Act became a part of that contract. See *Richmond* v. *Irons*, supra, 55; *Concord First National Bank* v. *Hawkins*, supra, 372; *Broderick* v. *McGuire*, 119 Conn. 83, 94, 174 A. 314; *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 145, 93 A. 245. We have no statute specifically limiting actions upon obligations created by statute, other than § 6017, hereinafter referred to, and so we have no need to consider whether, if we did, it would be interpreted as carv-

ing out from the broad provisions as to actions on contracts such a liability as the one before us. Reason and the great weight of authority dictate a conclusion that the action before us is one on a contract and that either § 6005 or § 6010 is applicable.

The amicus curiae in this case agrees with the contention of the defendant that § 6010 controls as regards the plaintiff's right to recover for overtime work at the rate of at least one and one-half times the agreed wage, but contends that the further recovery authorized, "in an additional equal amount as liquidated damages," is in effect the imposition of a penalty and so governed by § 6017 which limits to one year actions to recover "any forfeiture upon any penal statute." Other questions aside, if the additional recovery is not in the nature of a penalty, this statute does not apply. The Supreme Court of the United States has held that the amount to be recovered is in fact liquidated damages and not a penalty; *Overnight Motor Co.* v. *Missel,* 316 U. S. 572, 583, 62 S. Ct. 1216, 86 L. Ed. 1682; *Brooklyn Bank* v. *O'Neil,* 324 U. S. 697, 707, 65 S. Ct. 895, 89 L. Ed. 1296; and that construction of the act of the Congress is binding upon us.

It remains to consider whether § 6005 or § 6010 controls recovery in this case. The genesis of § 6010 is an act of the General Assembly passed in 1771, the first section of which was the Statute of Frauds and the second section of which provided that "no suit in law or equity shall be brought or maintained upon any contract or agreement . . . not reduced to writing as aforesaid but within three years next after entering into or making the same." 13 Col. Rec. 422. This act appears in the Revision of 1796, p. 216. In *Chittington* v. *Fowler,* 2 Root 387, decided in 1796, it was held that the statute applied only to

contracts which were executory. The Revision of 1821, p. 309 et seq., contains a series of statutes evidently designed to cover the various types of actions which might be instituted. The act of 1771 was included but was changed to read: "No action founded upon any express contract or agreement, other than actions of book debt, on proper subjects thereof, not reduced to writing, or some note or memorandum thereof, made in writing, and signed by the party to be charged therewith, or some other person by him lawfully authorized" shall be brought except within three years. Among the other statutes included in the 1821 Revision was the prototype of § 6005, providing: "No action of account, of debt on book, or on simple contract, or of assumpsit, founded upon implied contract, or upon any contract in writing, not under seal, except promissory notes not negotiable" shall be brought except within six years. Both acts were included in the Revision of 1875, p. 494, although the language of the latter was changed in immaterial respects. See *Anderson* v. *Bridgeport,* 134 Conn. 260, 56 A. 2d 650. Under these statutes the case of *Baker* v. *Lee,* 52 Conn. 145, was decided; the plaintiff had performed his part of an agreement to settle a controversy and there was a definite sum of money due him; the court held (p. 146) that the action fell within the prototype of § 6005, as an action of debt on a simple contract or of assumpsit, and it said: "An action on a contract within the seventh section [§ 6010] we understand to mean an action on an executory contract; as where one party is ready and willing to perform and the other party refuses to perform."

It is not easy to harmonize with that construction of § 6010 the inclusion in the Revision of 1821 of the exception of actions of book debt, because such

an action could hardly lie on an executory contract; and the most that can be said is that the exception was inserted by the revisers out of an abundance of caution. If §§ 6005 and 6010 are to be construed to make a harmonious body of law, it is necessary to restrict the latter, as was suggested in *Baker* v. *Lee,* supra, to executory contracts. Section 6005 limits to six years actions on simple, that is parol, contracts; § 6010 limits to three years actions on contracts not reduced to or evidenced by a writing, that is, contracts resting in parol; and unless the latter is intended to apply only to executory contracts there would be different limitations established for actions of the same type, that is, those on parol contracts, a result which the legislature could not have intended.

The action before us is clearly one upon a simple contract where the plaintiff has fully performed, and it falls fully within § 6005. So far as appears in the complaint, the plaintiff was employed for an indefinite time at a weekly wage, and each week constituted a new employment; *Mazzotta* v. *Mazzotta,* 121 Conn. 149, 152, 183 A. 408; any recovery based on services performed by the plaintiff more than six years before the action was brought is barred. *Weadon* v. *First National Bank & Trust Co.,* 129 Conn. 541, 543, 29 A. 2d 779. As, however, upon the basis of the dates alleged in the complaint only a part of the period of the plaintiff's service was more than six years before the bringing of the action, the Statute of Limitations is not a complete defense. The trial court erroneously held that it was.

We have not overlooked our decisions in *Hickey* v. *Slattery,* 103 Conn. 716, 131 A. 558, and *Jakiela* v. *Ellison,* 114 Conn. 731, 732, 159 A. 657, and in so far as in them we reached conclusions not in har-

mony with what we have said above they are over-ruled.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.