[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (NO. 125)
The facts as alleged in the revised amended complaint are CT Page 5503 as follows. On July 10, 1989, the plaintiff, Jaime King, was camping with a church group at Black Rock State Park located in Watertown and Thomaston, Connecticut which is owned and operated by the defendant, State of Connecticut. On said date a tornado storm system hit Black Rock State Park. The plaintiff was injured when the storm caused a tree to fall on her tent.
As a result of her injuries, the plaintiffs, Jaime King and her mother, Joan King, pursuant to General Statutes 4-160(a), sought permission from the Claims Commissioner to bring suit against the State of Connecticut for damages. Thereafter, on June 28, 1991, the Claims Commissioner granted the plaintiffs permission to institute suit.
On September 16, 1991, the plaintiffs filed a three-count complaint against the defendant, State of Connecticut. In the first count, the plaintiff, Jaime King, alleges that the defendant was negligent in that the defendant failed to provide appropriate procedures and training to deal with weather emergencies in the park. In the second count, the plaintiff, Jaime King, alleges a claim for intentional infliction of emotional distress. The plaintiff, Joan King, alleges a claim for negligence in the third count.
On March 30, 1993, the plaintiffs filed a revised amended four-count complaint. The first, third and fourth counts of the revised amended complaint are the same as the first, second and third counts of the original complaint. In the second count, the plaintiff, Jaime King, alleges a claim for negligence based upon the defendant's creation and maintenance of the campsites.
On April 20, 1993, the defendant filed a motion to strike the second count of the revised amended complaint on the ground that it is barred by the statute of limitations, along with a memorandum of law in support thereof.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the legal sufficiency of the allegations of any complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions CT Page 5504 stated in the pleadings." (Emphasis in original.) Mingachos, supra, 108. "In deciding upon a motion to strike . . ., a trial court must take the facts to be those alleged in the [pleadings] . . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros, Inc., v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
The court must construe "the complaint in the manner most favorable to sustaining its legal sufficiency." Bouchard v. Peoples' Bank, 219 Conn. 465, 471 594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988). Where the facts provable under the allegations of the complaint could not support a cause of action the motion to strike must be granted. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989).
The defendant moves to strike the second count of the plaintiffs' complaint on the ground that it is barred by the statute of limitations. The defendant argues that any action brought pursuant to the Claims Commissioner's authorization must be brought within one-year as provided in 4-160.[1]
Generally, the statute of limitations may not be raised by a motion to strike, but must be specially pled. Travelers Indemnity Co. v. Rubin, 209 Conn. 437, 446, 551 A.2d 1220
(1988); Forbes v. Ballaro, 31 Conn. App. 235, 239, A.2d (1993); Practice Book 164.
 The "purpose and scope of a motion to strike are identical to those of a demurrer. . . ." Cavallo v. Derby Savings Bank, 188 Conn. 218, 283, 449 A.2d 986 (1982). A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike. Practice Book 164; see Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525, 528, 559 A.2d 712 (1989). The "advantage of the statute of limitations cannot be taken by [a motion to strike]. . . . [T]he objection to this mode of pleading is that it raises no issue" and "deprives the plaintiff of an opportunity to reply a new promise, or an acknowledgment." O'Connor v. Waterbury, 69 Conn. 206, 210, 37 A. 499 (1897). A motion CT Page 5505 to strike might also deprive a plaintiff of an opportunity to plead matters in avoidance of the statute of limitations defense. Hitchcock v. Union New Haven Trust Co., 134 Conn. 246, 248, 56 A.2d 655 (1947).
However, a motion to strike is the proper procedural vehicle in two limited situations. Forbes, supra, 239.
 The first is when "the parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by a motion to strike instead of by answer." . . . The second is where "a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right-it is a limitation of the liability itself as created and not of the remedy alone.". . . .
(Citations omitted.) Id., 239-40
The parties have not agreed upon the pertinent facts, and therefore, the first exception is not applicable. General Statutes 4-160 does not create the plaintiffs' negligence and emotional distress rights of action.[2] Rather, 4-160 merely authorizes the Claims Commissioner to waive the State's right to raise sovereign immunity as a defense to plaintiffs' action. Accordingly, any claim that the instant action is barred by the statute of limitations must be pleaded as a special defense.
The motion to strike is denied.
BALLEN, JUDGE