[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On June 23, 1992, the plaintiffs, Stephen and Laurie Engman, filed this one count action against the defendants, Richard B. Laschever and Gregory C. Neary, alleging intent to deceive and defraud as to the asking price of business property they purchased from Laschever, as Trustee, known as 70 South Main Street, East Windsor, Connecticut. Plaintiffs allege that Neary, a licensed real estate broker, and Laschever, an attorney, conspired to deceive and defraud them as to the asking price of the property, which defendants represented as $345,000 when they knew the true price was $275,000.
Both defendants have appeared but not answered the complaint. On February 2, 1993, Neary filed a motion for summary judgment and memorandum of law in which he asserts that this action is barred by the tort statute of limitations, General Statutes 52-577. Neary appended an affidavit declaring, inter alia, that the Engmans purchased the property on January 26, 1988 from Laschever for $315,000 and that at no time did the plaintiffs state a dissatisfaction with either the property or the purchase price.
The plaintiffs, in opposition, filed a memorandum of law contending that the six year statute of limitations for contract actions, General Statutes 52-576, controls, rather than the three year tort statute of limitations as defendant Neary claims. Plaintiff Stephen Engman attached his affidavit stating that he closed on the property with the understanding from Neary and Laschever that he was closing "with Wolf and Guerra as to their price through their agent and through their attorney."
The rules of practice in Connecticut no longer require that the pleadings be closed before a party may move for summary judgment. Practice Book 379 (amended October 1, 1992). In deciding a motion for summary judgment, the trial court is limited to considering the pleadings, affidavits and other documentary proof. Practice Book 384.
In Forbes v. Ballaro, 31 Conn. App. 235, ___ A.2d ___ (1993), the appellate court held that, generally, a CT Page 6253 motion to strike may not be used to raise the defense of the statute of limitations. The court reasoned:
 A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike. Practice Book 164; see Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525, 528, 559 A.2d 712 (1989). The "advantage of the statute of limitations cannot be taken by a [motion to strike]. . . . [T]he objection to this mode of pleading is that it raises no issue" and "deprives the plaintiff of an opportunity to reply a new promise, or an acknowledgment." O'Connor v. Waterbury, 69 Conn. 206, 210, 37 A. 499 (1897). A motion to strike might also deprive a plaintiff of an opportunity to plead matters in avoidance of the statute of limitations defense. Hitchcock v. Union New Haven Trust Co., 134 Conn. 246, 248, 56 A.2d 655 (1947).
Id., 239. The court in Forbes held that in two limited situations, however, the use of a motion to strike to raise the defense of the statute of limitations would be allowed. Id.
 The first is when "[t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and . . . therefore, it is proper to raise that question by [a motion to strike] instead of by answer." Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 171-72, 127 A.2d 814 (1956). The second is where "a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone." DeMartino v. Siemon, 90 Conn. 527, 528-29, 97 A. 765
(1916).
CT Page 6254
Id., 239-40.
The reasoning of the court in Forbes with respect to the raising of a statute of limitations defense on a motion to strike is equally applicable where, as here, a defendant has raised a statute of limitations defense by way of a motion for summary judgment filed prior to the filing of an answer containing a statute of limitations special defense. Even though Practice Book 379 was amended to provide that a motion for summary judgment may be filed "at any time," Practice Book 164 still provides that a statute of limitations defense must be specially pleaded. Accordingly, a statute of limitations defense must be specially pleaded before it may be raised as a basis for a summary judgment motion.
The two exceptions provided in Forbes do not exist here. No evidence has been presented that the parties agree that the complaint contains all the facts pertinent to the determination of whether the action is time barred. Further, the cause of action alleged in the plaintiffs' complaint is a common law cause of action, to which the parties have argued that two different general statutes of limitations pertain, as opposed to a statutory cause of action containing a limitation period attached to the right or liability itself. See Forbes v. Ballaro, supra. Accordingly, defendant Neary's motion for summary judgment has been filed prematurely in that he has not yet filed an answer, and thus, there is no underlying special defense of the statute of limitations pleaded upon which he can properly base a motion for summary judgment. Neary's motion for summary judgment is denied without prejudice to renew after the appropriate pleadings have been filed.
Mary R. Hennessey, Judge