[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#105)
The plaintiffs, Mary Jo Lovely, James Athorn and Barbara Athorn, commenced this breach of contract action against the defendants, Moore Alvord Insurance Agency and Valley Energy Company, Inc., to recover damages. The second count of the two count amended complaint alleges a claim of breach of an oral contract against the defendant Valley Energy. The defendant Valley Energy now moves to strike the second count of the complaint on the grounds that the statute of limitations has run.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book Sec. 152; Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). On a motion to strike, "all facts well pleaded and those facts necessarily implied from the allegations are taken as admitted." Amodio v.Cunningham, 182 Conn. 80, 82-83, 438 A.2d 6 (1980). Additionally, "the court must construe the facts alleged in a pleading in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988). A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). If the facts provable under the allegations would support a cause of action, the motion to strike must fail. Ferryman v. Groton, supra, 212 Conn. 142.
"A claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." (Citations omitted.) Forbes v. Ballaro,
CT Page 691031 Conn. App. 235, 239, 624 A.2d 389 (1993). However, "[i]n two limited situations. . . [the court] will allow the use of a motion to strike to raise the defense of the statute of limitations. The first is when `[t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer. . . . The second is where 'a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right- it is a limitation of the liability itself as created, and not of the remedy alone." (Citations omitted.). Id.
The defendant Valley Energy contends that when all the facts establishing the defense of the statute of limitations are apparent from the complaint and no claim of tolling is made, a motion to strike is proper. The defendant cites to Vilcinskas v.Sears, Roebuck Co, 144 Conn. 170, 171-72, 127 A.2d 814 (1956). The Connecticut Appellate Court addressed this issue in Forbes v.Ballaro, supra, and rejected this interpretation of Vilcinskas.
The Appellate Court, instead, emphasized that in Vilcinskas "the parties agreed that all the facts necessary to the determination of whether the statute of limitations defense applied were set forth in the complaint. Therefore, there was no need to determine if the statute of limitations defense could be avoided if the answer could provide no new information." (Emphasis in original).Forbes v. Ballaro, supra, 240. As in Forbes, there is no such agreement between the parties presently before the court. Absent such an agreement, the plaintiffs should be given the opportunity to affirmatively plead matters in avoidance of the statute of limitations defense. Id., see Hitchcock v. Union New HavenTrust Co., 134 Conn. 246, 248, 56 A.2d 655 (1947).
Since the exceptions set forth in Forbes v. Ballaro do not apply in this case, the defense of the statute of limitations may not be raised on this motion to strike. Therefore, the defendant Valley Energy's motion to strike the second count is denied.
PICKETT, J.