[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Plaintiffs bring this action by revised complaint in three counts. In the first count they charge breach of an oral construction financing agreement between Avon Meadows Associates (AMA) and Colonial Bank, now the defendant Bank of Boston Connecticut, (Bank) for a "condominium project." AMA is not a party in this action. The plaintiffs all claim to be third party beneficiaries of that oral construction financing agreement.
The second count alleges defendant's concealment of the fact that defendant "did not have sufficient funds to meet its lending requirements."
The third count is a CUTPA claim under C.G.S. §§ 42-110a
et seq. CT Page 2763
Defendant has filed an amended answer and special defenses to the revised complaint.
On September 18, 1995 defendant filed a motion for summary judgment with a memorandum of law.
FACTS
The party plaintiffs are Avon Meadows Condominium Association, Inc. (AMCA); Avon Meadows Real Estate Associates (AMREA); 30 Avon Meadow Lane, Inc. (30 Avon); Remed Associates (Remed); LSGE Realty (LSGE); 90 Avon Meadow Lane, Inc. (90 Avon); and Continental Real Estate Holdings, Inc. (CREH).
In May of 1992 this defendant, Bank began an action entitledBank of Boston Connecticut v. Avon Meadow Assocs. ("AMA") JamesG. Sutton ("Sutton"). Barrett L. Krass ("Krass") and James J.Heneghan ("Heneghan"), Docket No. CV-91-0702045-S, Judicial District of Hartford/New Britain at Hartford (the "Note Action"). The defendant parties in that Note Action filed counterclaims.
On or about November 13, 1993 that matter was decided by a jury verdict.
The Note Action was a collection action commenced by Bank to enforce the obligations of AMA, Sutton, Krass and Heneghan (collectively the "Note Action Defendants") to repay certain monies borrowed in connection with the construction and development of the commercial condominium project (Project). The counterclaims against Bank alleged an oral agreement between Bank and AMA.
The jury in the Note Action found that Bank had entered into and breached an oral agreement (the "Oral Agreement") with AMA to fund the Project until completion. The jury further found that AMA, Sutton, Krass and Heneghan had released whatever claims they had against Bank, including those stemming from a breach of the Oral Agreement. No other terms or conditions of the Oral Agreement were raised by the Note Action defendants, and no other parties to the Oral Agreement, were found by the Court. The court filed its Judgment File on February 1, 1994.
AMREA and LSGE purchased the condominium units, which form the basis of their claims, from AMA. AMERA is a Connecticut CT Page 2764 general partnership comprised of Sutton, Krass, Heneghan and another individual. See James G. Sutton Deposition transcript dated September 6, 1995, at 8-9, ("Sutton Deposition"). The Condominium Association is controlled by Krass, Sutton and Heneghan. See Sutton Deposition at 7.
Plaintiffs instituted this matter on January 27, 1994, seeking damages allegedly incurred as a result of Bank's breach of the Oral Agreement. All of plaintiffs' claims are predicated on their being third-party beneficiaries of the Oral Agreement. Count I of the Complaint seeks contractual relief for breach of the Oral Agreement. Count II is a tort claim which alleges fraudulent concealment. Count III claims violations of Conn. Gen. Stat § 42-110a, et. seq. ("CUTPA") based upon the facts alleged in Counts I and II.
LAW
I. Statutes of Limitations
This suit was brought on January 27, 1994.
A. First Count
The statutes of limitations to which defendant points in regard to the first count is C.G.S. § 52-581 which reads as follows:
 Action on oral contract to be brought within three years. (a) No action founded upon any express contract or agreement which is not reduced to writing, or of which some note or memorandum is not made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years after the right of action accrues
 (b) This section shall not apply to causes of action governed by article 2 of title 42a.
An action under this section means "an action on an executory contract; as where one party is ready and willing to perform and the other party refuses to perform. In some cases an action is brought, not to recover a sum certain, fixed and made certain by the terms of the contract, but uncertain or unliquidated damages for a non-performance." Baker v. Lee, 52 Conn. 145, 146-147; CT Page 2765Hitchcock v. Union New Haven Trust Co., 134 Conn. 246, 259.
An action on a debt on the other hand is subject to the statute of limitations found in C.G.S. § 52-576 which provides, in pertinent part: "(a) No action for an account, or on any simple or implied contract, or on any contract in writing shall be brought but within six years after the right of action accrues . . .".
Thus this court must decide first when the cause of action accrued. That date is May 1, 1990. Suit was brought January 27, 1994.
Next the court must determine from the materials produced by the parties whether the oral contract sued upon was then executory.
Plaintiff asserts in its memorandum of September 20, 1995 that all that remained to be done was "the [defendant] to complete funding of the project" That memorandum also states that "Avon Meadows Associates had fully performed any obligation it then had with the [defendant]." Plaintiffs point to no specific evidence to support this assertion. In fact the plaintiffs' revised complaint states, in part, as follows:
"3. At all times relevant hereto, the Bank of Boston Connecticut, formerly known as the Colonial Bank, was in the business of commercial lending, including lending for construction projects, such as the office condominium project known as Avon Meadow.
4. In early 1986, a developer known as Avon Meadow Associates commenced the project known as Avon Meadow, which included construction of ten office buildings to be completed in five phases, each building to contain four condominium units for a total project of not less than 40 units.
5. The defendant bank agreed to finance the construction and development of said condominium project, including the site work and common areas as well as construction of the buildings which constitute the condominium units.
6. The defendant commenced its financing and extended the financing for several years through four phases of construction, but in 1990, the defendant failed, neglected and refused to CT Page 2766 complete the construction financing in breach of its obligations to the developer, Avon Meadow Associates. Included in the construction financing was the site work referenced aforesaid, which was of substantial benefit to the entire condominium project, which work has not been completed as of this date. Further, foundations are present for the last two buildings, but the buildings themselves were not constructed
7. In accordance with C.G.S. § 47-71b, et seq., public offering documents clearly demonstrated that the condominium project was predicated upon development of said 40 units with site work as set forth in the documents on file in the Avon Town Clerk's office.
8. At all times relevant hereto, the plaintiffs were third party beneficiaries of the contract between the developer, Avon Meadow Associates, and the defendant, Bank of Boston Connecticut, and the plaintiffs were intended to be third party beneficiaries of said contract, and the defendant knew or should have known that the plaintiffs would in fact be beneficiaries of said agreement."
When we look at the documents executed by defendant and AMA we see frequent mention of requirements that AMA was to construct certain buildings and do site improvements. Plaintiffs in their memoranda in opposition to this summary judgment state quite emphatically that the intent of AMA and defendant was "at all times pertinent, for the developer to construct and for the [defendant] to fund a five phase condominium project . . ." In all ten buildings were to be completed.
As of September 6, 1995 seven of the ten proposed buildings were "complete." An eighth was partially complete. AMA had not completed the promised construction. In addition, AMA had not made the promised repayments to defendant
Defendant has not provided the funding allegedly promised under the oral agreement.
As a result the court finds that neither party has completed its obligations under the oral agreement and thus that agreement was executory. Being executory the oral agreement is subject to the three year statute of limitations set out in C.G.S. §52-581. Hitchcock v. Union new Haven Trust Co., supra. CT Page 2767
B. SECOND COUNT
1. TORT CLAIM
The second count is based on a claim of the defendant's concealment "from the public the state of its financial condition and the fact that it did not have sufficient funds to meet its lending requirements and commitments to existing customers."
Defendant in its motion for summary judgment asserts that this is a tort claim and subject to the statute of limitations in C.G.S. § 52-577 which reads as follows:
 "Action founded upon a tort. No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."
The acts or omissions complained of here occurred before May 1, 1990 and thus the above statute of limitations is applicable. See Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 173.
2. Continuing Course of Conduct
Plaintiffs claim that the statute was tolled by virtue of some "continuing course of conduct" by defendant. In their complaint, second count, they make no mention of any time of action by either party that would show a continuing course of conduct. In their brief of September 20, 1995 they argue for more than two full pages in regard to their theory of continuing course of conduct but again they point to no dates or chronology that supports that concept. They point to no evidence that supports it and the court has found none in the submissions.
"To support a finding of a `continuing course of conduct' that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto." Fichera v.Mine Hill Corporation, 207 Conn. 204, 209.
Whatever possible wrongful conduct defendant may have performed does not toll the statute because there is no proof offered of "either a special relationship between the parties giving rise to a continuing duty or of some later wrongful conduct of . . defendant related to the prior act." Id. 210;Nardi v. AA Electronic Security Engineering Inc.,
CT Page 276832 Conn. App. 205, 209-213.
C. CUTPA
In the third count plaintiff alleges violations under C.G.S. § 42-110a et seq (CUTPA) and defendant again argues that the statute of limitations, C.G.S. § 42-110g(f) under CUTPA, bars this claim
That applicable statute of limitations provides that an action under CUTPA may not be brought more than three years after the occurrence of the violation under this chapter. That time has run.
The plaintiffs again argue "continuing course of conduct" but that argument again fails. Fichera v. Mine Hill Corporation,
supra.
Motion is granted as to all counts.
O'Neill, J.