[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANTS' (CHOWS) MOTION FOR SUMMARY JUDGMENT
This is a civil action in which Luis Martinez, a minor, seeks to recover damages for personal injury due to his alleged exposure to lead-based paint while he resided in several residences in Hartford, Connecticut. The eighth through fourteenth counts of the complaint are directed against the defendants Wing Shek Chow and Florence Chow ["Chows"] who were owners of 63-65 Benton Street, Hartford, Connecticut in 1991 and 1992. The Chows have moved for summary judgment on all counts of the complaint against them on the grounds that the claims are either barred by the applicable statutes of limitation or fail to state a cause of action as a matter of law.
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805-06, 679 A.2d 945 (1996). "Demonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings call be warrantably inferred." NewMilford Savings Bank v. Roina, 38 Conn. App. 240, 245,659 A.2d 1226, cert. denied, 235 Conn. 915, 665 A.2d 609 (1995).
In support of their motion, the Chows offered their own affidavit (Exhibit 1) stating that the lease with Carmen Gonzalez [Gonzalez], the minor plaintiff's mother, was an oral, month-to-month agreement, that the apartment was leased to her from November 2, 1991 through February 28, 1992 and that Gonzalez was required to pay rent on the first day of each month. They also CT Page 9052 presented the plaintiff's answers to interrogatories in which Gonzalez stated that the minor plaintiff was first diagnosed with lead poisoning in March 1992. (Exhibit 2) In opposition to the motion, the plaintiff produced a copy of what is purported to be a rent log the plaintiff claims was maintained by the Chows for 63 Benton Street, showing monthly payments in the amount of $575 by Gonzalez for November, 1991, December, 1991, January, 1992 and February, 1992. The plaintiff also presented the defendants' answers to interrogatories in which the Chows stated they were responsible for managing and maintaining the property and that Gonzalez had already vacated the property before they first became aware of the alleged presence of lead paint at the premises.
The complaint alleges causes of action for: negligence per se (count 8), negligence (count 9), absolute nuisance (count 10), abnormally dangerous activity (count 11), breach of implied warranty of habitability (count 12), recklessness (count 13) and CUTPA (count 14). The Chows maintain that counts eight, nine and thirteen are barred by General Statutes § 52-584 and that counts ten, eleven and fourteen are barred by General Statutes § 52-577. With respect to those claims, they argue that the latest their conduct could have been responsible for the minor plaintiff's injuries was April 1992, approximately four years before this action was commenced in April 1996. The Chows further maintain that counts ten and eleven fail to state claims upon which relief can be granted.
The eighth, ninth and thirteenth counts are barred by §52-584, which bars all claims for personal injury based on negligence or recklessness not brought within three years of the act or omission. The tenth and eleventh counts not only fail to state a cause of action, see e.g., Lovick v. Nigro, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 542473 (February 21, 1997) (Lager, J.); Sanchez v.General Urban Corp., Superior Court, judicial district of New Haven, Docket No. 378774 (February 6, 1997) (Lager, J.), but also are time-barred by § 52-577, the statute of limitations for torts, barring all claims after three years from the act or omission. Likewise, count fourteen is also barred by §52-577. Accordingly, the Chows' motion for summary judgment as to counts eight, nine, ten, eleven, thirteen and fourteen is granted.
The plaintiff only opposes the motion for summary judgment CT Page 9053 with respect to the twelfth count alleging breach of an implied warranty of habitability. With respect to this count, the Chows' sole argument is that it is time barred by the three year statute of limitations set forth in General Statutes § 52-581[1]
because the lease between them and Gonzalez was an executory oral contract. The plaintiff responds that the proper limitations period is six years as set forth in § 52-576.[2] The plaintiff maintains that the defendants have not clearly shown that the lease was oral and executory, and that they are well within the six year limitation period.
There has been no showing of any evidentiary fact to indicate that a genuine issue exists about whether the agreement between Gonzalez and the Chows was one that "had been reduced to writing . . . or of which some note or memorandum" was made in writing. General Statutes § 52-581. The plaintiff argues that exhibit A, which is purported to be the Chows' log book for rent received from Gonzalez, is evidence of a reduction of the lease agreement to a writing or of a written note or memorandum within the meaning of the statute. This exhibit, however, does not contain the signatures of either of the Chows or Gonzalez nor can the court determine who made the entries. At best, it merely records the fact that Gonzalez paid rent for the months indicated. There is no evidence to contradict the Chows' sworn affidavit that the lease agreement between them and Gonzalez was an oral agreement. No one disputes the fact that it was a month-to-month lease.
The mere fact that the agreement was oral, however, does not conclude the inquiry because the three year limitation period of § 52-581 only applies to executory contracts. Tierney v.American Urban Corp., 170 Conn. 243, 249, 365 A.2d 1153 (1976);Hitchcock v. Union New Haven Trust Co., 134 Conn. 246, 259,56 A.2d 655 (1957). An executory contract is "one where some performance remains to be rendered by each party and neither party has, at the time of the breach, performed completely."Gorlin v. Bond Richman Co., 706 F. Sup. 236, 242-43 (S.D.N Y 1989) (applying Connecticut law).
The Chows argue that statutory obligations placed on both landlord and tenant by General Statutes § 47a-7 and 47a-11
make a lease an executory contract for the duration of the tenancy. The court does not agree that these statutes, whether viewed as obligations or duties, turn an oral lease into an executory contract. Rather, analogous to the CT Page 9054 relationship between an oral employment contract and the obligations imposed by the Fair Labor Standards Acts, as considered in Hitchcock v. Union New Haven Trust Co., supra,134 Conn. at 256, while the cited statutory provisions impose duties on, and others, see, e.g., General Statutes §§ 47a-12
— 47a-15, provide remedies to the landlord and the tenant, the oral lease itself remains a simple contract that is fully performed upon the payment of rent and the transfer of possession. Cf. In re Edgewood Park Junior College, 123 Conn. 74,78, 192 A. 561 (1937); Sagamore Corp. v. Willcutt, 120 Conn. 315,319-20, 180 A. 464 (1935).
If the Chows are correct that the cited statutes make all leases executory contracts, then the result would be two "different limitations established for actions of the same type,"Hitchcock, supra, 134 Conn. at 259, because written leases, albeit executory according to the Chows, would be governed by § 52-576 while oral executory leases would be governed by § 52-581. The legislature could not have intended such a result in enacting the referenced provisions of title 47a.
Furthermore, the Chows' argument about continuing obligations is seriously undercut by the fact that the agreement between the Chows and Gonzalez was for a month-to-month tenancy. The law is clear that a month-to-month tenancy is not continuous and each month constitutes a separate contract. See, e.g., Bridgeport v.Barbour-Daniel Electronics, Inc., 16 Conn. App. 574, 584-85,548 A.2d 744 (1988); Corrigan v. Antupit, 131 Conn. 71, 76-77,37 A.2d 697 (1944); General Statutes §§ 47a-3b; 47a-3d.[3]
Although the contract can be created by implication when a tenant continues in possession and the landlord acquiesces, by accepting rent or through other conduct, Welk v. Bidwell,136 Conn. 603, 607, 73 A.2d 295 (1950), it is still a new and separate contract. In this case, at least for the undisputed month-to-month tenancies for the months of November, 1991, December, 1991, January, 1992 and February, 1992, there were four separate, executed contracts which Gonzalez had fully performed by paying her rent as required and the Chows had fully performed by transferring possession at the same time. As a result, this case falls within the provisions of § 52-576 and these months in 1991 and 1992 were well within the six year limitation period. Accordingly, the Chows' motion for summary judgment is denied as to count twelve. CT Page 9055
In sum, the court grants the motion for summary judgment as to counts eight, nine, ten, eleven, thirteen and fourteen. The court denies the motion for summary judgment as to count twelve.
LINDA K. LAGER, JUDGE.