[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CT Page 15573
This action arises from the plaintiffs payments of workers compensation benefits to the defendant's employees and former employees. The plaintiff, Connecticut Insurance Guaranty Association (CIGA) is a non-profit unincorporated legal entity created by the Connecticut Legislature under the Connecticut Insurance Guaranty Association Act (the Act), General Statutes §§38a-836 at seq. Its purpose is to pay certain covered claims of Connecticut residents out of policies issued by an insurer declared insolvent. The defendant Torrington Company (Torrington) is a corporation doing business in Connecticut. In this motion for summary judgment, the defendant argues that this action is barred under General Statutes § 52-598a.
The following facts relevant to this motion are not in dispute and are found in the pleadings, admissions, and supporting affidavits. On March 9, 1989, the Massachusetts Supreme Judicial Court determined that Torrington's workers' compensation carrier, American Liability Insurance Company (AMLICO), was insolvent. As a result of that determination, CIGA became obligated to pay covered claims as defined by the statute that arose under AMLICO's policies, including the workers compensation policies issued to Torrington. Since that time, CIGA has made payments on claims made under Torrington's policy with AMLICO and continues to do so. Torrington's net worth exceeded fifty million dollars on December 31, 1988. By letter dated May 6, 1993, CIGA demanded reimbursement from Torrington for those payments. CIGA instituted this action on September 16, 1997.
It is Torrington's contention that in light of these undisputed facts and applicable law, CIGA's action is time barred under General Statutes § 52-598a, which governs indemnification actions. CIGA argues in response that either 1) there is no statute of limitations as to the right to recover under General Statutes § 38a-844; or 2) this action is not one for indemnification so General Statutes § 52-598a would not apply anyway; or 3) if any statute of limitations applies it would be General Statutes § 52-576, and under that six year limitation period, the action is timely.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party CT Page 15574 is entitled to judgment as a matter of law. Practice Book §17-49; Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 105
(1994); Telesco v. Telesco, 187 Conn. 715, 718 (1982); Yanow v.Teal Industries, Inc., 178 Conn. 262, 268 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,433 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 169 Conn. 14, 16 (1970); Dorazio v.M.B. Foster Electronic Co., 157 Conn. 226, 228 (1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 781 (1980).
CIGA's authority for proceeding against Torrington is found in General Statutes § 38a-844(4), which reads,
 The association shall have the right to recover from the following persons the amount of any covered claim paid on behalf of such person pursuant to sections § 38a-836
to § 38a-853, inclusive: (a) Any person who is an affiliate of the insolvent insurer and whose liability obligations to other persons are satisfied in whole or in part by payments made under this chapter; and (b) any insured whose net worth on December thirty-first of the year next preceding the date the insurer becomes an insolvent insurer exceeds fifty million dollars and whose liability obligations to other persons are satisfied in whole or in part by payments made under said sections. (Emphasis added.)
A covered claim is an unpaid claim which arises out of and is within the coverage and subject to the applicable limits of the insurance policy. See § 38a-838(6). The above statutory provision setting forth CIGA's right to recover for any covered claim paid contains no explicit time limitation.
The defendant argues General Statutes § 52-598a bars this action. General Statutes § 52-598a provides, "[n]otwithstanding any provision of this chapter, an action for indemnification may CT Page 15575 be brought within three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or settlement," bars this action. The defendant argues that Edwards v. Bridgeport Hydraulic Co.,152 Conn. 684, 691-92 (1965) stands for the proposition that courts customarily apply limitations from closely analogous common law actions not containing limitation periods. The court does not read Edwards in that way, nor does it find any other authority to support the proposition that a common law statute of limitations must apply to a purely statutory action. Further, this action does not easily analogize to the indemnification action spelled out in § 52-598a. The right to recover was not triggered by the determination of an action against CIGA.
In its reply memorandum, the defendant claims that the case law supports its position that General Statutes § 52-598a bars this action. In both of the Supreme Court cases cited by the defendant in its reply memorandum, Anderson v. City ofBridgeport, 134 Conn. 260 (1947) and Hitchcock v. Union NewHaven Trust Co., 134 Conn. 246 (1947), Justice Maltbie determined that while the actions were brought under specific statutes, they were in fact essentially common law contract actions. These cases are not analogous to this case. Here, the legislature created both the entity who is the plaintiff and the entire scheme upon which this action stands. This is not an action based upon a common law action. The remedial purpose of this legislation is to protect Connecticut residents against losses resulting from the insolvency of insurance carriers. Connecticut Ins. Guaranty Assn.v. Union Carbide Corroration, 217 Conn. 371, 384 (1991). Within that statutory scheme, the legislature did provide a limitation for a claimant to file a claim against CIGA in § 38a-841[1]. It did not include such a limitation as the CIGA's right to recover under § 38a-844.
 It is an axiom of statutory construction that legislative intent is to be determined by an analysis of the language actually used in the legislation. . . . In considering statutory construction, it is prudent to be mindful that, primarily, it is for the legislature, which is a better arbiter of public policy, to determine what it shall be. Local 1303 Local 1378 v. Freedom of Information Commission, 191 Conn. 173, 179, 463 A.2d 613 (1983), quoting General Motors Corp. v. Mulquin, 134 Conn. 118, 132, 55 A.2d 732 (1947). There can be no question but that it is the province of the legislative department to define rights and CT Page 15576 prescribe remedies: of the judicial to construe legislative enactments, determine the rights secured thereby, and apply the remedies prescribed. (Citations omitted; internal quotation marks omitted).
Second Injury Fund v. Lupachino, 45 Conn. App. 324, 341-42
(1997).
In light of the statutory nature of this action, the purpose behind the statute and applicable case law the court will not apply § 52-598a to bar this action. Accordingly, the court denies the defendant's motion for summary judgment:
DiPentima, J.