## THE PEOPLE'S SAVINGS & DIME BANK & TRUST CO. v. WILLIAMS DROP FORGING CO.

### No. 547.

District Court, M. D. Pennsylvania.
July 19, 1930.

Knapp, O'Malley, Hill & Harris, of Scranton, Pa., for respondent.

Kelly, Balentine, Fitzgerald & Kelly, of Scranton, Pa., for petitioners.

JOHNSON, District Judge.

We have for disposition two rules: The first issued by the court on its own motion against the receivers, requiring them to show cause why they should not file their account and be discharged; the second granted on petition of the receivers against the plaintiff

to show cause why the receivers should not be allowed compensation for their services while acting as receivers in equity.

On September 22, 1927, the plaintiff filed its bill in equity, asking for the appointment of receivers for the defendant company. On the same date, the defendant company filed its answer admitting the allegations of the bill and joining in the prayer for a receiver, whereupon the court appointed Frank R. Williams, secretary and treasurer of the defendant company, and Edward J. Kelly, a lawyer, as the receivers. It was later discovered that this court was without jurisdiction to entertain the proceedings and to appoint receivers for the reason that there was no diversity of citizenship of the parties. A petition in bankruptcy was then filed, and the same receivers were appointed receivers in bankruptcy and later elected trustees. Edward J. Kelly resigned as trustee before the bankruptcy case was terminated. No further action in the equity proceedings was taken until this court issued its rule on the receivers to close the case, when they filed their petition for compensation.

The plaintiff has filed its answer setting forth that the equity proceeding was an amicable action and that it was requested to institute the proceeding at the instance of Frank R. Williams, an officer of the defendant company, and one of the petitioners now asking for compensation. The plaintiff further contends that because this court did not have jurisdiction in the first instance it does not now have jurisdiction to entertain this petition.

Under the circumstances in this case, Edward J. Kelly should receive compensation for his services as receiver in equity, and there is authority to support this contention. See 34 Cyc. 367, and cases therein cited; also Hawes v. First National Bank of Madison (C. C. A.) 229 F. 51.

In view of the services performed by Edward J. Kelly and the fact that he received no compensation as trustee, he should be allowed a reasonable compensation for his services as receiver in the equity proceedings to be taxed as costs against the plaintiff. The receivers in equity operated the business on a small scale for a period of about thirteen months and received money amounting to the sum of $21,175. The court allows Edward J. Kelly, as compensation for his services as receiver in equity, the sum of $250 to be taxed as costs in the above-entitled equity proceeding against the plaintiff.

Since Frank R. Williams, the other receiver, was instrumental in starting the equity proceeding and since he received compensation as receiver and trustee in bankruptcy, no further compensation, as receiver in the equity proceeding, should be allowed.

And now, July 19, 1930, the rule heretofore granted on the receivers to show cause why they should not file their account and present their petition for discharge and release of surety on their bond, is made absolute, and the receivers are directed to file their account and present their petition for discharge and release of their surety on their bond within thirty days from the date of this order. The rule to show cause why compensation should not be awarded the receivers and assessed as costs in the above-entitled case is made absolute as to Edward J. Kelly, and the plaintiff is directed to pay to said Edward J. Kelly the sum of $250 as costs. No additional compensation is allowed Frank R. Williams and, as to him, the petition is dismissed and the rule granted thereon discharged.