[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 6642
 FACTS
The plaintiff brings this action to recover for accounting services performed on behalf of the defendants between November, 1992 and July 16, 1993.
The defendants Vincent Farricielli and Richard Farricielli are general partners of the defendant VCR Realty Associates, and are therefore jointly and severally liable for the obligations of the partnership, pursuant to § 34-327 (a)[1] of the Connecticut General Statutes.
By way of a writ, summons and complaint dated March 31, 2000, the plaintiff seeks recovery for services represented by four invoices.
The invoices, all of which were received as full exhibits at trial, are:
 Exhibit 1 (#1591) November 9, 1992 $1,500.00 Exhibit 2 (#349) April 29, 1993 $1,375.00 Exhibit 3 (#519) June 29, 1993 $1,368.46 Exhibit 4 (#548) July 29, 1993 $1,270.00 _________ TOTAL $5,513.46
The plaintiff also seeks interest on the amounts due, and attorney's fees.
The defendants claim that the action commenced on March 31, 2000 was not timely filed, and is barred by the applicable statute of limitation.
Both parties concede that § 52-576 (a)[2] of the General Statutes, a six year statute of limitation, is the applicable statute.
Section 52-581 (a)[3] applies to oral, executory contracts. Hitchcockv. Union and New Haven Trust Co., 134 Conn. 246, 259 (1948).
The parties concede that any contract for accounting services was fully performed, and the defendants have withdrawn their special defense, alleging a violation of the Statute of Frauds.
On April 2, 2001, the parties stipulated and agreed as follows (TR., p. 8-10): CT Page 6643
1. The total of the four invoices, $5,513.46, represents the value of the services performed by the plaintiff, and represents the total claim.
2. VCR Realty Associates is a partnership, and the defendants Vincent Farricielli and Richard Farricielli are jointly and severally liable for any debts of the partnership.
3. The last services were performed on July 16, 1993.
4. Suit was commenced on March 31, 2000.
5. On November 30, 1992, the defendant, VCR Realty Associates, sought the protection of the Federal Bankruptcy Court, pursuant to Chapter 11.
6. On November 23, 1994, the bankruptcy petition was dismissed, based upon a motion made by the debtor for a voluntary dismissal.
One of the claims (Exhibit 1) for $1,500.00 is dated prior to the filing of the bankruptcy petition.
All of the remaining claims, Exhibits 2, 3 and 4, involve services performed while the bankruptcy petition was pending. Applicable federal law, 11 U.S.C. § 108 (c) provides:
 "if applicable non bankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the filing of the date of the petition, then such period, including any suspension of the period occurring on or after the commencement of the case shall not expire until the later of —
(1) the end of such period, or
 (2) 30 days after notice of the termination or expiration of the stay . . . with respect to such claim."
The last services were performed on July 16, 1993.
Suit was instituted on March 31, 2000, six years and eight months after the last of the services were performed.
On its face, the plaintiff's claim would therefore be barred by the provisions of § 52-576 (a). CT Page 6644
Therefore, if it is to prevail, the plaintiff must successfully toll the running of the statute of limitation for the period during which the bankruptcy petition was pending.
PRE-PETITION CLAIM IS BARRED BY STATUTE OF LIMITATIONS
The plaintiff claims that the statute of limitations was tolled during the period when the bankruptcy petition was pending.
This claim is not persuasive.
The bankruptcy petition was dismissed on November 23, 1994, nearly four years prior to the expiration of the statute of limitations.
The plaintiff does, not claim that, due to any disability, it was unable to initiate legal action after November 23, 1994.
The reliance upon City of Bridgeport v. Debek, 210 Conn. 175 (1989), is misplaced, and supports the defendants' position.
In Debek, the court permitted an action to foreclose municipal tax liens to be commenced in 1981, for liens incurred during the years 1968 through 1981.
A bankruptcy petition had been filed in June of 1995, and relief from the automatic stay provision of the bankruptcy act may not be obtained until October 1, 1981.
On October 30, 1981, a complaint was delivered to a sheriff for service upon the defendants.
Therefore, suit was commenced in accordance with the provisions of11 U.S.C. § 108 (c)(2), because papers were delivered to a sheriff 30 days following the termination or expiration of the stay provided by the bankruptcy court.
Here, the action was not brought until almost four years after the petition was dismissed.
Section 108(c) does not provide for the tolling of the statute of limitations. Any limits are merely extended for a period of 30 days following notification of the termination of the bankruptcy stay.Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1073 (2d Cir. 1993); Rogersv. Corrosion Park, Inc., 42 F.2d 292, 297 (5th cir.); Bennett v. UnitedStates Lines, Inc., 64 F.3d 62, 64 (1995). CT Page 6645
STATUTE NOT EXTENDED FOR WORK PERFORMED DURING BANKRUPTCY PETITION
The plaintiff claims, with respect to Exhibits 2, 3 and 4, that the claims arose during the course of the bankruptcy petition, and that the statute of limitation began to run on November 23, 1994, the date the petition was dismissed.
This claim is without merit.
Section 108(c), by its terms, applies to claims which have "not expired before the date of the filing of the petition."
The invoices covered by Exhibits 2, 3 and 4, did not exist at the time of the filing of the petition, and therefore no claim had arisen.
Following the voluntary dismissal of the petition, the plaintiff had years to pursue his remedy against these defendants, yet no action was instituted.
There is no suggestion of any fraudulent concealment of a cause of action, or other disability from bringing suit, which excuses the failure to file a timely action.
The cause of action does not accrue, as the defendant suggests, at the termination of the bankruptcy proceeding.
Rather, a right of action accrues upon the completion of the services rendered. R.A. Civitello Co. v. New Haven, 6 Conn. App. 212, 215-16
(1986).
The plaintiff cites no authority for extending the statute of limitation beyond the six years provided in § 52-576 (a).
Although not barred from doing so, there is no indication that the plaintiff sought to satisfy his claim pursuant to 11 U.S.C. § 503
(b) while the bankruptcy petition was pending.
The services, according to the plaintiff, were performed with full knowledge of the filing of the bankruptcy petition, because they were provided with the approval of the court.
No reason exists why timely suit could not have been initiated, following the dismissal of the bankruptcy petition.
Because the plaintiff's claims are barred by the applicable statute of CT Page 6646 limitations, judgment may enter in favor of the defendants.
Radcliffe, J.